## THE PEOPLE *ex rel.* Abraham Brokaw

### *v.*

## THE COMMISSIONERS OF HIGHWAYS.

*Filed at Springfield October 6, 1886.*

1. MANDAMUS—*whether awarded—generally.* The relator must show a clear right to the relief sought, before the writ of *mandamus* will be awarded. If the right be doubtful, the court will not grant the writ.

2. SAME—*as to matters resting in the discretion of an officer.* Where the performance of an act by a public officer is discretionary, and depends upon the exercise of his judgment as to its necessity or propriety, the court will not interfere, by *mandamus*, to determine how or when he shall exercise the power, but will leave him in the free exercise of his discretion, to act or not, as he shall deem proper.

3. SAME—*to compel highway commissioners to take steps towards the building of bridges.* Where commissioners of highways had exhausted their powers of taxation under sections 13 and 15 of the Road law of 1883, and the taxes so raised had been expended for other purposes, so that the only means of raising money with which to build certain bridges was by asking county aid, under section 19, or by a levy under section 14 of the Road law, and the law giving them a discretion as to proceeding under sections 14 and 19, it was *held*, that the court would not, by *mandamus*, compel the commissioners of highways to take the necessary steps to construct such bridges.

4. ROADS AND BRIDGES—*application of money raised by taxation— discretionary power.* The commissioners of highways have the discretionary power, by the law, to first apply the taxes raised under section 13 of the

Road law of 1883, to the ordinary repair of roads and bridges, before they can be compelled to apply it in the construction of new bridges.

5. SAME—*applying for county aid—matter of discretion.* Under certain circumstances, the commissioners of highways are authorized to apply to the county board for aid in building a bridge which the public necessity requires, but the law does not make it their imperative duty to do so. It is a matter of discretion with the commissioners whether to proceed under section 19 of the Road and Bridge act, by seeking county aid.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding.

Mr. JOHN M. HAMILTON, and Mr. FRANK Y. HAMILTON, for the appellant:

The duty of commissioners of highways to keep roads and bridges in repair, is imperative, and not discretionary. Rev. Stat. chap. 121, secs. 2, 5.

The imposition of a fine or penalty by section 89 does not take away the right to compel the commissioners to do their duty, by *mandamus. Hall* v. *People,* 57 Ill. 307; *People* v. *Village of Crotty,* 93 id. 186.

We are aware that the relator must show a clear right to have the thing sought by it done, and by the person or body sought to be coerced, and such person or body must have the power and be obliged to do the act. *People* v. *Railroad Co.* 55 Ill. 95; *People* v. *Cline,* 63 id. 394; *Comrs. of Highways* v. *People,* 66 id. 339.

When a specific, full and complete duty is imposed, with powers adequate to discharge it, and means that appear ample for its accomplishment, in labor, taxes, fines, etc., an indictment lies for neglect. (*Browning* v. *Springfield,* 17 Ill. 147.) By much greater strength of reasoning will *mandamus* lie. It is the duty of a town to build bridges over streams within its limits. (*Town of Harlem* v. *Emmert,* 41 Ill. 519.) *Mandamus* lies to compel commissioners to do their duty. *People* v. *Commissioners,* 1 Cow. 22; *People* v. *Collins,* 19 Wend. 65.

The office of the writ of *mandamus,* when addressed to ministerial officers, is to compel them to do the act which they are charged with unlawfully refusing to do.    *People ex rel.* v. *Taylor,* 30 How. 78.

· Even where there is a discretionary power, in cases where there is a clear and undeniable abuse of such discretion, as, where the freeholders should refuse to build a bridge which' was absolutely necessary for the enjoyment of an ancient highway by the public, this court may exercise its power in enforcing that duty.    *State* v. *Freeholders of Essex,* 3 Zabr. 214.'

But if subordinate public agents refuse to act or entertain the question for their discretion, in cases where the law enjoins upon them to do the act required, the court may enforce obedience to the law by *mandamus.*    *Judges of Oneida C. P.* v. *People,* 18 Wend. 96.

Messrs. TIPTON & BEAVER, for the appellees:

When a duty is imposed to perform a specific act, and there remains no discretion to be exercised, *mandamus* will generally lie against an officer to compel its performance; but when a duty is general, depending on judgment and discretion, the writ does not lie.    *St. Clair County* v. *People,* 85 Ill. 400.

The commissioners can not exercise any powers not conferred on them by statute.    *Brunas* v. *Town of Peoria,* 82 Ill. 11.

The commissioners have no power to borrow money,. and are powerless to incur a debt beyond the tax levied by them.    *Commissioners* v. *Newell,* 80 Ill. 587.

The sources of revenue to be raised and used by the commissioners are such only as provided by statute.    *Brunas* v. *Town of Peoria,* 82 Ill. 11.

As to the limitation of the power of taxation, see .*People* v. *Suppinger,* 103 Ill. 434; *Mee* v. *Paddock,* 83 id. 494; *Lemont* v. *Stone Co.* 98 id. 94.

The petition is insufficient. The rule is inflexible that *mandamus* will not lie when the right sought to be enforced is doubtful. The principle is, that the party praying the writ must show a clear right to do it. *People ex rel.* v. *Trustees of Schools,* 86 Ill. 613; *St. Clair County* v. *People,* 85 id. 398; *Comrs. of Highways* v. *People,* 66 id. 339; *People* v. *Village of Crotty,* 93 id. 180; *People* v. *Keokle,* 92 id. 134; *People* v. *Davis,* 93 id. 133; *People* v. *Johnson,* 100 id. 537; *People* v. *Cline,* 63 id. 394; *Lovalle* v. *Sincy,* 96 id. 467; *People* v. *Glann,* 70 id. 232.

That the petition is insufficient, see *People* v. *Village of Crotty,* 93 Ill. 186.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

On October 6, 1884, appellant filed a petition, in the circuit court of McLean county, for a writ of *mandamus* against appellees to compel them to repair a certain road, running north and south near the centre line of section 27, town 23, range 2, etc., in Bloomington township, and, as a part of such repairs, to reconstruct two bridges of said road over the Little Kickapoo creek. The circuit court rendered a decree, ordering the repairs to be made, and money to be raised, for that purpose, by taxation, which decree, on appeal to the Appellate Court of the Third District, has been reversed, and a further appeal is prosecuted to this court.

It is well settled, that a relator must show a clear right, before the writ of *mandamus* will be awarded. If the right be doubtful, the court will not grant the writ. It is also well settled, that, where the performance of a duty by a public officer is discretionary and depends upon the exercise of his judgment as to its necessity or propriety, the court will not interpose to determine, how or when he shall exercise the power, but will leave him in the free exercise of his discretion, to act or not, as he shall deem proper.

It is clear, from the pleadings and evidence in this case, that the repairs, for which appellant prays in his petition, are not the ordinary repairs, contemplated by section 2 of chapter 121 of the Revised Statutes, entitled "Roads and Bridges." (Hurd's Rev. Stat. of 1885, page 1047.)   The petition, in this case, is, really, to compel appellees to construct two new bridges over Kickapoo creek.   It alleges, that the two bridges, which had formerly existed, had been "washed out," or, as counsel for appellant put it in their brief, "washed away," in the year 1882.   The relator says, in his testimony: "the bridges are gone on the north end."   The witness Orendorff says: "the bridges are down."   The petition states, that appellees had been requested, in writing, to repair the road, and refers to an attached copy of the written notice, served on appellees, before the filing of the petition.   That notice, addressed to the commissioners of highways, is as follows: "You are hereby notified to build two bridges across the Little Kickapoo creek in the public highway   *   *   *   and put said road in a condition to be used and traveled, as a public highway."

If, under all the circumstances of this case, it is a matter of discretion, with appellees, to determine, whether the bridges shall be built or not, they can not be compelled, by *mandamus*, to construct them.

The proof shows, that it would have cost $2500 or $3000 to build the bridges, with their necessary approaches.   Appellees had exhausted their powers under sections 13 and 15 of the Road law.   (Hurd's Rev. Stat. of 1885, pages 1049 and 1050.)   They had made a levy, under section 13, of sixty cents on each one hundred dollars of the taxable property of the town, for road and bridge purposes, and for the payment of outstanding orders.   They had, also, made a levy of twenty cents on each one hundred dollars of the taxable property of the town, under section 15, for the purposes, therein named.   They could use none of the fund, raised

under section 15, for the construction of the bridges in question, because that fund was for paying damages allowed and awarded for laying out and vacating roads, and for ditching to drain roads. The amount, raised under section 13, was needed for the ordinary repairs of roads and bridges, and for paying outstanding orders. The commissioners had levied all the taxes they had power to levy, and the proof is clear, that they had expended all the money in their hands. The road and bridge tax for 1884-1885 amounted to something over $4400, and had all been expended, leaving unfinished work and unpaid bills, to the amount of about $400, to go forward to the account of the coming year. That the highway commissioners have the discretionary power to first apply the money, raised under section 13, to the ordinary repair of roads and bridges, before they can be compelled to apply it to the construction of new bridges, is apparent from the language of section 19 of the Road law. One of the conditions, upon which the commissioners are authorized by section 19 to petition the county board for aid, is, that "the major part" of the funds, raised by the levy provided for in section 13, "is needed for the ordinary repair of roads and bridges."

As the testimony in the record shows, that the cost of building the bridges would have been "more than twenty cents on the one hundred dollars on the latest assessment roll, and the levy of the road and bridge tax for that year in said town was for the full amount of sixty cents on each one hundred dollars, allowed by law for the commissioners to raise, the major part of which was needed for the ordinary repair of roads and bridges," appellees might have proceeded to "petition the county board for aid," under the provisions of section 19 ; and counsel are right in claiming, that appellees had the power so to do. But, besides the fact, that the petition in this case is not framed with reference to the provisions of section 19, it is very clear, that the duty of proceeding under that section is a matter of discretion with the

commissioners, and is not imperatively enjoined upon them. Before any bridge can be constructed or repaired thereunder, they must "make a careful estimate of the probable cost of the same, and attach thereto their affidavits, that the same is necessary, and will not be made more expensive than is needed for the purpose desired." They can not make the affidavits, here contemplated, unless, in their judgments, the necessity, which they are required to swear to, actually exists. Where the performance of an act depends upon the previous formation of an opinion, as to its necessity, the exercise of discretion must, of course, be involved. It is apparent from the record, now before us, that the commissioners, in this case, did not regard the construction of the bridges in question, as necessary; and the proof tends to establish the correctness of their opinions upon the subject.

There is but one other section of the Road law, under which it is claimed by appellant, that proceedings should have been taken for the building of these bridges, and that is section 14. The latter section, (Starr & Curtis' Stat. chap. 121, page 2140,) provides, that, "if, in the opinion of the commissioners, a greater levy is needed, in view of some contingency, * * * an additional levy may be made of any sum, not exceeding forty cents on the one hundred dollars of the taxable property of the town." As the need of the levy, here provided for, was dependent "upon the opinion of the commissioners," the question of making it was a matter of discretion with them, and *mandamus* will not lie to compel them to make it. Without discussing the other points, presented in the arguments, we are of the opinion, that, for the reasons here indicated, the circuit court erred in making the decree, entered by it. The judgment of the Appellate Court, reversing such decree, is therefore affirmed.

*Judgment affirmed.*