## The People, etc., ex rel. Hamilton Corey v. The Commissioners of Highways of the Town of Dover et al.

1. BRIDGES—*Over Streams Between Adjoining Towns.*—The duty to act upon a contract, entered into by the commissioners of two adjoining towns for the erection of a town line bridge, is imperative, but the making of the contract for such purpose is entirely discretionary.

2. MANDAMUS—*Relator Must Show a Clear Right.*—Before a relator is entitled to a writ of mandamus to enforce performance of an alleged statutory duty, he must show a clear right to it, and the statute imposing the duty, must be mandatory.

3. SAME—*When the Duty is Discretionary.*—If the duty of a public officer is discretionary, and depends upon the exercise of judgment as to necessity or propriety, the court will not grant a writ of mandamus but will leave him to the free exercise of his judgment.

**Memorandum.**—Mandamus. Appeal from the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

The People v. Commissioners of Highways.

APPELLANT'S BRIEF, SCOTT & DAVIS, ATTORNEYS.

The twenty-first section of the road and bridge law provides that bridges over streams on town line roads shall be built and kept in repair at the joint expense of the towns. This language is mandatory, the performance of which may be compelled by mandamus. Dillon on Municipal Corporations, Sec. 673; County of St. Clair v. The People ex rel. Keller, 85 Ill. 401; Hammar v. Covington, 3 Met. (Ky.) 494; Uniontown v. Com., 34 Pa. St. 293; City of Ottawa v. The People, etc., ex rel. Caton, 48 Ill. 233; Brokaw v. Com'rs of Highways, 130 Ill. 488; The People ex rel.- Burke et al., v. Bloomington, 63 Ill. 206.

Mandamus will lie to compel commissioners to erect a bridge where the language is specific and points out their duty and is mandatory. Com. v. Sheehan, 81 Pa. St. 132; Com. v. Loomis, 128 Pa. St. 174; Pumphrey v. Baltimore, 47 Md. 145; Patterson v. Vail, 43 Iowa, 142; Merrill on Mandamus, Sec. 116.

To compel county boards to contribute one-half of the expense of a bridge, where the town has complied with the law. Logan Co. v. People, 116 Ill. 466.

To compel commissioners of highways to build a new structure where a former one has been destroyed. Howe v. Crawford Co. (Com'rs), 47 Pa. St. 361; State v. Gibson Co. (Com'rs), 80 Ind. 478; Merrill on Mandamus, Sec. 116.

A public bridge is owned by adjoining towns, where the same is erected with joint funds to accommodate public travel on an established town line road. In such case the towns are bound jointly to keep it in repair, and such duty will be enforced by mandamus. State v. Wood Co. (Sup'rs), 41 Wis. 28; Merrill on Mandamus, Sec. 116.

APPELLEES' BRIEF, GEORGE S. SKINNER, ATTORNEY.

The matter of building a new bridge in place of one destroyed, is a matter of discretion with the commissioners, their duties in such respect being discretionary. A bridge is not a part of the road within the meaning of the road and bridge law, requiring commissioners to keep in repair

both roads and bridges. The duty of building new bridges is not enjoined on the commissioners. The "improving and repairing," contemplated by the law, is of existing bridges. Commissioners can be compelled by mandamus only, to perform such duties as are clearly, specifically and imperatively enjoined by law. Such duties are ministerial. The People ex rel. Joseph Stickel v. Com. of Highways, 32 Ill. App. Ct. 164.

One town can not compel an adjoining town to contribute to the making or repairing of a bridge over a stream dividing them, without first showing a legal liability to such contribution. Acts must be shown to create such liability. Town of Rutland v. Town of Dayton, 60 Ill. 58.

But when such liability is shown, then such liability may be enforced by a suit at law. Town of Dayton v. Town of Rutland, 84 Ill. 279; The Com. of Highways v. The Com. of Highways, 100 Ill. 631.

Commissioners can not be compelled, by mandamus, to repair a road, including the building of two new bridges, where the necessity for the same has not been determined to exist by them. The law does not make it the imperative duty of commissioners to apply to the county board for aid, until they have determined that the necessity exists. The People ex rel. Abraham Brokaw v. The Com. of Highways, 118 Ill. 239.

Mr. Presiding Justice Harker delivered the opinion of the Court.

The relator, a resident of the town of Ohio, in Bureau county, filed his petition for a writ of mandamus to compel the commissioners of highways of said town and the commissioners of highways of the town of Dover, a town lying directly south of the town of Ohio, to hold a joint meeting and take the proper and legal steps for the purpose of entering into a joint contract for the erection of a bridge over a stream on an established town line road between said towns.

The petition recites that the relator owns 640 acres of

The People v. Commissioners of Highways.

land lying in one body, 320 acres in one town and 320 acres in the other; that in 1859, after a town line road had been laid out between the two towns, the commissioners of highways of the two towns, acting jointly, erected a wooden bridge across a stream known as Master's Ford, where it crossed the road, and such bridge continued to be used by the public until 1884 or 1885, when it became decayed and was washed away; that for the last eight or nine years no bridge at the place has been used, and that the public have been compelled to turn out of the road and ford the stream a short distance to the north of where the old bridge spanned the stream, thereby trespassing upon the relator's land; that prior to the filing of the petition, in the month of June, 1893, relator demanded of the commissioners of the two towns that they hold a joint meeting and enter into a joint contract for the erection of a proper bridge; that the commissioners of the town of Dover refused to have a joint meetting with the commissioners of the town of Ohio for such purpose and refused to take any action looking to the building of the bridge, and that the commissioners of the town of Ohio refused to take any steps toward the erection of the bridge unless the commissioners of the town of Dover should contribute their share to the cost thereof.

The commissioners of the town of Ohio filed an answer admitting all the material allegations in the petition. The commissioners of the town of Dover filed a demurrer to the petition, which was by the Circuit Court sustained. The relator elected to stand by his petition, whereupon the court dismissed it and rendered judgment against the relator for costs.

Appellant bases his right to a mandamus upon sections 21 and 22 of the road and bridge law, which are as follows:

Section 21. "Bridges over streams which divide towns and counties, and bridges over streams on roads on county or town lines, shall be built and repaired at the expense of such towns or counties: Provided, that for the building and maintaining of bridges over streams near county or town lines, in which both are interested, the expense of building

and maintaining any such bridges shall be borne by both counties or towns in such portion as shall be just and equitable between said towns or counties, taking in consideration the taxable property of each, the location of the bridge, and the advantage of each, to be determined by the commissioners in making contract for the same as provided for in section 22 of this act."

Section 22. " For the purpose of building or keeping in repair such bridge or bridges it shall be lawful for the commissioners of such adjoining towns, whether they be in the same or different counties, or county boards of such adjoining counties, to enter into joint contract, and such contract may be enforced in law or equity against such commissioners jointly, the same as if entered into by individuals, and such commissioners or county boards may be proceeded against jointly, by any parties interested in such bridge or bridges, for any neglect of duty in reference to such bridge or bridges, or for any damage growing out of such neglect."

It is contended that the language in Sec. 21 is mandatory, and that performance of the duty enjoined upon towns to build and repair bridges over streams on town line roads jointly, may be compelled by mandamus. While the language employed in that section does appear to be imperative, yet when it is construed in connection with that of the three sections following, we are unable to reach the conclusion that the commissioners of highways of one town may be compelled by this extraordinary writ to enter into a joint contract with the commissioners of an adjoining town for the erection of a bridge after they have refused to do so. Sec. 23 contemplates such refusal upon the part of the commissioners of one town, and provides that in such event the commissioners of the town desiring the bridge may submit to a vote of the people of the town the question of the erection of the bridge at its own expense.

Sec. 24 provides that after the making of any contract or agreement between the two towns for the building or repairing of such bridge, if one of the towns refuse to go on with the contract, or to fulfill the agreement, the commissioners of

the other town, after reasonable notice in writing, may build or repair the same and recover by suit the one-half (or such amount as was agreed upon) of the expense thereof and costs, from the commissioners so refusing.

Sec. 22 provides that where joint contracts have been entered into between the commissioners of adjoining towns for building and repairing bridges, such contracts may be enforced in law or equity against the commissioners jointly, by any party interested in such bridge, for any neglect of duty in reference thereof, or for any damage growing out of such neglect. Where such a contract has already been entered into, we have no doubt that this remedy may be employed to enforce action against a recalcitrant board of commissioners.

In this case, however, it does not appear from the petition that the commissioners of the town of Dover have ever entered into a contract with the commissioners of the town of Ohio for the erection of the bridge denied, or had any negotiation with them with reference thereto. The fact that the two towns established the town line road forty-five years ago, and aided in the erection of a bridge over Master's Ford, which rotted down ten years ago, cast upon them no imperative obligation to enter into a joint contract for the erection of a bridge now. The petition does not show an agreement to maintain a bridge at that point.

We regard the duty to act upon a contract already entered into by the commissioners of two adjoining towns for the erection of a town line bridge as imperative, but we regard the making of a joint contract for such purposes as entirely discretionary.

Before he is entitled to a writ of mandamus to enforce performance of an alleged statutory duty, the relator must show a clear right to it, and the statute imposing the duty must be mandatory.

If the duty of a public officer is discretionary, and depends upon the exercise of judgment as to necessity or propriety, the court will not grant the writ, but will leave him to the free exercise of his judgment. Supervisors v. People ex rel.,

## 448     Appellate Courts of Illinois.

.110 Ill. 511; The People ex rel. v. Commissioners, 118 Ill. 239; Brokaw v. Com'rs Highways, 130 Ill. 488; People ex rel. v. McConnell, 146 Ill. 532.

The Circuit Court properly sustained the demurrer to the petition. Judgment affirmed.