## NICKOLAS KLEIN ET AL.
### v.
## THE PEOPLE EX REL., ETC.

Mandamus—*Defective Highways—Failure of Commissioners to Repair —Discretion.*

1. *Mandamus* is the proper remedy to compel commissioners of highways to make repairs when there is entire neglect on their part in this regard.

2. Such officers have a certain discretion, and can not be ordered to improve and repair in any particular manner.

3. In the absence of a finding by the court that there is money in their hands that can be expended for the purpose in question, commissioners can not be ordered to make such expenditure.

4. An order may be made that money be expended when collected.

[Opinion filed April 4, 1889.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. DALE & BRADSHAW and BURROUGHS & WARNOCK, for appellants.

Our statute (Vol. 2 Starr & C., Sec. 2, p. 2136,) provides that " the commissioners of highways shall have charge of the roads and bridges of their respective towns, and it shall be their duty to keep the same in repair, and to improve them so far as practicable ;" and by Sec. 5 they are " to exercise such care and supervision over them as the public good may require," which doubtless implies the duty, say the court in 19 Ill. App. 255, " subject to the same limitations of putting them in suitable condition for public use and travel when they get out of repair. But this is general, and its performance as to time, manner and extent of repair, is necessarily in some measure conditional and discretionary. In these broad terms, therefore, it is not the subject of *mandamus*." County of St. Clair v. People, 85 Ill. 400–1.

It is the established law that "where county commissioners are intrusted by law with the power of locating roads and highways, the question of what the public convenience requires in such location is regarded as peculiarly within the province of the commissioners, and their decision upon this point will not be revised by the county, nor will *mandamus* lie to compel them to locate a road when they have already decided that the public convenience does not require its location." High's Ex. Legal Remedies, 2d Ed. 333, and authorities there cited.

There is no rule of law better settled than that where the performance of a duty by a public officer depends upon the exercise of his judgment as to its necessity or propriety, the court will not interfere, but leave him free to exercise his judgment or discretion as he may think proper.

Before the court will order the writ of *mandamus* to issue, it must appear that the writ, if issued, would be effectual as a remedy if enforced, and it must be in the power of the party to do the act sought to be done. The People ex rel. v. Lieb, 85 Ill. 484; The People v. Dubois, 33 Ill. 9; The People v. C. & A. R. R. Co., 55 Ill. 95; Menard v. Hood, 68 Ill. 121.

Messrs. T. E. Fruitt and E. C. & W. F. Springer, for appellee.

Appellants present no authorities to show that the writ was ever refused where only the question of ordinary repairs of a road was presented, and we venture the assertion that none can be found. Both the pleading and evidence in this case show that an entirely different state of facts are here presented from those in the case of Highway Commissioners of Bloomington v. The People, 19 Ill. App. 255, where it was sought to compel the building of two bridges.

The case afterward went to the Supreme Court, and is reported in 118 Ill. p. 239. The Supreme Court in deciding the case says:

"It is clear, from the pleadings and evidence, that the repairs for which appellant prays in his petition are not the ordinary repairs contemplated by Sec. 2, Chap. 121, of

the Revised Statutes. The petition is really to compel the commissioners to build two new bridges."

One of the reasons given by the court for refusing the writ in that case was because the money on hand was "needed for the ordinary repairs of roads and bridges." See People ex rel. Brokaw v. Commissioners of Highway, 118 Ill. 239.

The authorities on this question are to the effect that the duty of commissioners to make repairs is imperative, and they can be compelled to act, and that the discretionary powers they possess must be exercised for the public benefit; that the abuse of the discretion can be controlled by *mandamus*.

High's Extraordinary Legal Remedies, Sec. 413, says:

"The duties of municipal corporations in maintaining and keeping highways and streets in repair afford frequent occasion of invoking the extraordinary remedies of courts, and jurisdiction by *mandamus* is clearly established." See also, City of Ottawa v. The People, 48 Ill. 233; People ex rel. v. Mayor of Bloomington, 63 Ill. 207; Village of Glencoe v. The People, 78 Ill. 382; Haines v. The People, 19 Ill. App. 354.

In the case of The People ex rel. Shepperd v. Illinois State Board, etc., 110 Ill. 180, it is held that *mandamus* will lie to compel subordinate tribunals with discretionary powers to act where it is not sought to require them to act in any particular manner.

PHILLIPS, J. A petition for *mandamus* was filed in the Circuit Court of Madison County, Illinois, to which a demurrer being overruled, pleas were filed denying the material averments of the petition, when, issue being joined, a trial was had and a judgment entered against the defendants in the Circuit Court. That judgment we are asked by this appeal to review.

While several errors are assigned, we deem it necessary to consider only the fourth assignment of error, which is, that the judgment of the court was contrary to the law and the evidence in the case.

The court ordered the commissioners of highways of town 4, north of range 7, west of the 3d principal meridian, to work

Klein v. The People.

upon and repair that part of the road mentioned and described in the petition, by removing the weeds and underbrush and repairing the culverts, and that they should proceed without unnecessary delay to put said highway in a condition fit to be used as a highway, and to remove all obstructions and impediments to travel.

Where there is entire neglect to work the roads, and the same are out of repair, it has been held that a proceeding by *mandamus* is the proper remedy to compel the commissioners of highways to do their duty. But there is a certain judgment and discretion left to the commissioners of highways in the discharge of their duty under the law, and where they have the right to exercise such judgment and discretion they can not be commanded, in this character of proceeding, to perform a duty in a manner specific, as in the judgment before us, but can only be commanded generally to do their duty.

Therefore, to decree that the repairs should be made in a specific manner, and that the work done should be of a particular character, was error.

Again, there is in this judgment no finding by the court, nor is there in the petition any allegation that the defendants, the commissioners of highways, had in their possession any money that could be used, for the purpose of putting the road in repair.

The commissioners of highways must either have money on hand, or money that can be controlled by them, before they can be ordered to expend money. Before a proceeding of this character can be had for the expenditure of money by a municipal corporation, there must be a finding by the court that there is money in the hands of the corporation, that can be used for the purpose of making the repair or improvement, or the order must command its expenditure when collected. In the absence of such a finding by the court, it was erroneous to decree that these repairs should be made.

For these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*