(No. 26454.—

THE PEOPLE *ex rel.* Ethel Shippey Rude, Admx., Appellant, *vs.* THE COUNTY OF LASALLE *et al.* Appellees.

*Opinion filed Nov. 24, 1941—Rehearing denied January 15, 1942.*

TOM W. SMURR, for appellant.

TAYLOR E. WILHELM, State's Attorney, and PARKE H. DAUGHERITY, for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Second District, whereby a judgment of the

circuit court of LaSalle county was reversed. In that court a writ of *mandamus* had been awarded requiring the board of supervisors of LaSalle county to pay to the administratrix of a deceased blind person certain sums alleged to have been due to him as a pension, during his lifetime and unpaid at the time of his death. The case comes to our court by appeal on certificate of importance granted by the Appellate Court.

The facts, which were stipulated, were as follows: On September 30, 1932, P. N. Shippey filed his application for benefits under the provisions of "An act for the relief of the blind." (Ill. Rev. Stat. 1939, chap. 23, pars. 279-287a.) He was examined by the proper medical authorities who certified that he was blind and the board of supervisors, in December, 1932, placed his name on the blind relief rolls of the county and ordered payments made to him. The blind relief pension was paid to Shippey for three quarters from October 1, 1932, to July 1, 1933, and for the four quarters from October 1, 1935, to October 1, 1936. Payments aggregating $821.25 were withheld for the nine quarters covered by the period July 1, 1933, to October 1, 1935. During the nine quarters from July 1, 1933, to October 1, 1935, the county of LaSalle did not pay any blind relief pensions because of a lack of sufficient funds. Thereafter, in 1937, the county did pay blind relief pensions to others for the nine quarters which had been defaulted. Shippey died September 19, 1936. The board refused to pay to the administratrix the blind relief for the said nine quarters, although they had been requested to do so. The trial court found the sum of $638.75 was unpaid at decedent's death and ordered the writ of *mandamus* to issue. The Appellate Court, in reversing the judgment, held that any right of action that P. N. Shippey may have had to recover the fund in question did not survive to his administratrix and that the circuit court erred in ordering the writ of *mandamus*.

The appellants claim that the parties have stipulated that *mandamus* is the proper procedure in this case and the appellees, by their briefs, fail to dispute the propriety of the *mandamus* proceedings. Certain fundamental rights cannot be so easily waived and stipulated away. We would be giving tacit approval to the practice pursued here, if we did not point out that this is not a proper case for an action by *mandamus*.

*Mandamus* lies to compel the performance of a statutory duty only when the right to it is clear and indisputable. One seeking a writ of *mandamus* must establish a clear legal right to the writ. (*People v. Getzendaner,* 137 Ill. 234.) *Mandamus* will not lie for the collection of debts, but is proper to enforce payment of a claim ascertained to be due. This ascertainment is usually by a judgment. (*People v. Reddick,* 181 Ill. 334.) *Mandamus* is not proper where the right of the petitioner must first be established or the duty of the officers sought to be coerced must first be determined. *Hooper v. Snow,* 325 Ill. 53; *People v. Dixon,* 346 id. 454.

The act relating to the relief of the blind which is cited above does not specifically impose any mandatory duty upon the board of supervisors to pay benefits to the personal representative of a deceased blind person which are claimed to have been due to that blind person during his lifetime. The determination of the legal question of whether or not such a claim exists or survives to an administrator is one which may properly be decided in an ordinary action at law wherein it is sought to reduce the claim to judgment. It might be convenient in many cases to bring a direct action by way of *mandamus* to compel some person or corporation to write a check or deliver money in payment of a debt claimed to be due, but such is not the purpose of the action. *Mandamus* is an extraordinary legal remedy and will not lie until a clear legal right to the writ becomes apparent. (*People v. Getzendaner,*

*supra.*) In the case at bar the county of LaSalle and its board of supervisors have not only the right but the duty to have and to require a legal determination in an ordinary action at law of the question of survivorship of the cause of action, if any, and until the claim was reduced to judgment by an ordinary action at law and payment refused, there could be no basis for a writ of *mandamus.*

We do not pass upon the question of survivorship of the cause of action because we hold that *mandamus* was, from the beginning, an inappropriate remedy, and we are neither approving nor disapproving the language of the opinion of the Appellate Court on that point. We merely hold that the form of action was inappropriate, and this holding requires an affirmance of the judgment of the Appellate Court.

*Judgment affirmed.*