(No. 34853.—)

RALPH R. TAYLOR *et al.*, Appellants, *vs.* FRANCIS WENTZ, Township Highway Commissioner, *et al.*, Appellees.

*Opinion filed September 18, 1958—Rehearing denied Nov. 24, 1958.*

84

George Traicoff, of Peoria, and Lybarger and Collins, of Bushnell, for appellants.

George P. Proctor, of Lewistown, for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

Ralph R. Taylor and his wife, Anna M. Taylor, filed a petition for *mandamus* in the circuit court of Fulton County to compel Francis Wentz, the highway commissioner of Putman Township in said county, to repair a certain road and to enter of record with the town clerk a plat of the road. The owners of land adjoining the road were included as parties defendant. An answer was filed by the highway commissioner and the owners of one of the adjacent tracts, denying that the road was a public road and that the commissioner had any duty to maintain it. The cause was heard by the court, which entered an order finding the issues for the defendants and denying the petition. Plaintiffs appeal.

Defendants question the jurisdiction of this court on direct appeal, contending that no freehold is involved. The issue made by the pleadings was whether the strip of land in question is a public highway or a private road. Although the proceedings are brought to compel the performance of official duties, the right to such relief depends upon a determination of the question whether the public has a perpetual right in the land. A freehold is involved not only where the necessary result of the judgment is that one party gains and the other loses a freehold estate, but also where the title is so put in issue by the pleadings that a decision of the case necessarily involves a decision of such issue. Under the present pleadings a decision of the case necessarily involves a determination of whether the roadway has become a public highway by prescription. In such cases a freehold is involved so as to confer jurisdiction on direct appeal. *Town of Brushy Mound* v. *McClintock*, 146 Ill. 643.

The petition alleges that the road in question has been used by the public generally for more than 40 years and has been established as a public highway by prescription; that it is not in repair and is unfit for travel; that it is the duty of defendant highway commissioner to make repairs on the road and enter of record a plat of it; that as commissioner he has adequate funds which could be used for such purposes; and that he has refused to do so. The answer admitted that the commissioner has money on hand which could be used to put the road in repair if it were a public or township road, that demands were made on him to repair, maintain and plat it; and that he has refused to comply. The answer alleged, however, that the road is not a public or township road; and the sole issue presented was whether a public highway has been established by prescription.

The road in question is L-shaped. It extends from a State-aid road, located between Putnam and Cass townships, east on the east-west half-section line of section 31,

Putman Township, to the section center; then north on the quarter-section line to a lane which leads into the plaintiffs' farm. Although four farms corner at the section center, the road is presently used principally by plaintiffs' farm, to which it is the only means of access. Formerly the Cameron farm, located north of the east-west portion, was in two parts. The south 80 acres were owned by a woman known as Aunt Polly Rollison, and two houses on the land fronted on and used the road. The plaintiffs' farm had also been owned in separate parts, and the occupants of at least two homes thereon used the road as their only means of access. The east-west portion is 28 to 30 feet in width, with fences on both sides. The fences along the north-south part of the road are 40 feet apart. The road is a dirt road with one set of vehicle tracks, but there is adequate room for two vehicles to pass.

It is not disputed that the road has been in existence since the 1890's and has retained the same roadbed and lane of travel. The earliest reference is an 1871 deed conveying the southwest quarter of the section "excepting whatever right of way the neighborhood may have across the north side of said tract of land." Charlie Rankin, 79 years of age, had been road commissioner of Putman Township from 1920 to 1922 and from 1924 to 1932. He testified that there was then a hedge along the east part of the north side of the east-west part; that he and other people in the neighborhood used the road; that his father worked on it as part of his poll-tax obligation; that in performing his duties as road commissioner he twice graded both the east-west road and the north-south road, and installed a culvert near the middle of the east-west portion; that the fences were in approximately the same position both when he was road commissioner and when he was a boy living nearby; that the road was always open; and that neighbors, traveling men, and purchasers of livestock and grain used it. Roy Ewan, 74 years old, testified that as far back

as he could remember, about 65 or 70 years, the road had been an established road for travel; that there had never been any obstructions on it, nor was permission ever sought to use it; that anyone desiring to do so could use the road; and that both portions had a definite roadbed, being taken care of and graded the same as other roads. Wesley C. Strode, age 63, stated he had worked on the road during a W.P.A. job under the supervision of the road commissioner, installing culverts, cutting and removing hedges, grading the surface, and making ditches; that many people from town used the road in going to pick berries and nuts. Robert Jones, road commissioner from 1939 to 1945, testified that he did work for the township grading the road, fixing a bridge thereon, putting in a new culvert and cleaning out ditches. C. W. Kirby, 77 years of age, stated that he has lived in Putman Township all his life and has known the road for 35 years; that he never asked permission when he used it; that the road was never obstructed and anyone could use it at all times; and that he supposed it to be a public road. Ralph Taylor, one of the petitioners, testified that since 1929, when he acquired his farm, the road has been open continuously; that it was used by various people and no one ever obtained permission; that it was worked and maintained by township road commissioners until 1951 and has not been worked since; that on four occasions thereafter he requested defendant Wentz to maintain the road; and that it is now full of holes and in need of repair.

An official map from the division of highways, Department of Public Works and Buildings, prepared in 1922 and purporting to show State, county and other public roads in Fulton County, was introduced on behalf of plaintiffs together with a later edition of the map last revised in 1957. Each shows the L-shaped road in question here. An engineer in the bureau of local roads, division of highways, testified that to his knowledge the maps do not show private roads; that refund of motor fuel taxes to a town-

ship is based on mileage of public roads; and that the later map indicates the road in section 31 is one of those upon which refund money to Putman Township is determined.

Defendants produced a number of witnesses who testified that the road was a narrow lane, did not appear to be used much, and was traveled to a large extent only by persons going to and from the plaintiffs' premises. Several admitted on cross-examination, however, that it was always open to the public, that anybody could use it, and that it had never been obstructed. The defendant Wentz testified that before he became road commissioner in 1944 he worked for commissioner Jones, and once or twice a year helped him repair the road in question, and that since 1944 he did some work on it, the last occasion being four or five years ago. On cross-examination he stated he has refused to work the road, and that the reason for his refusal was a matter of personalities between the plaintiff Ralph Taylor and himself. It was later stipulated that if he were recalled as a witness he would testify that during the time he has been road commissioner and the time he was employed by the former road commissioner neither he nor his predecessor had ever placed gravel on the road, although all roads in the township which he considers to be public have been graveled.

Plaintiffs contend the manifest weight of the evidence shows a public highway to have been established by prescription. Defendants argue that the evidence is inadequate to show adverse user by the public for the statutory period. Section 139 of the Roads and Bridges Act provides that "All roads in this state * * * which have been established by dedication or used by the public as highways for fifteen (15) years, * * * are hereby declared to be public highways." (Ill. Rev. Stat. 1955, chap. 121, par. 152.) Thus user by the public of a strip of land as a highway during a period of 15 years or more renders the land a public highway. In determining whether a public high-

way has been established by user, the test is not the number of persons actually using it but the character of that use,— *i.e.*, whether or not it was by members of the public generally under claim of a free and unrestricted right to do so. (*Stevenson* v. *Meyer*, 10 Ill.2d 335; *Mudge* v. *Wagoner*, 320 Ill. 357.) Where a road is shown to have been open and notoriously used for the statutory period by members of the public as frequently as they have occasion to do so, and where the amount of travel considered with reference to the surrounding circumstances shows that they claim a right to use it as and for a highway, there is a presumption of a grant or a way by prescription. (*Stevenson* v. *Meyer*, 10 Ill.2d 335.) There need be no claim of right in words, or declaration that the use is adverse, or admission by the landowner that he has knowledge of the adverse claim of right. The nature of the use by the public, and the knowledge thereof by the landowner may be inferred from the manner and frequency of exercising the right and from the situation of the parties. *Verh* v. *Morris*, 410 Ill. 206; *Thorworth* v. *Scheets*, 269 Ill. 573.

The evidence in the present record shows without contradiction that this road has been used by the public for more than half a century without dispute or obstruction of any kind. The testimony and exhibits are all to the effect that it was used as a public road by persons having business in the neighborhood; that it was considered to be such by public authorities; and that everyone assumed they were traveling over it as a matter of right and not by permission from any of the property owners. The fact that it was referred to and known as "Aunt Polly's Lane" according to the testimony of most witnesses, is not enough to justify a finding that it was a private road. There is no evidence whatever that its use and enjoyment by members of the public were by permission. Moreover, witnesses for both the plaintiffs and the defendants testified to maintenance and repair work by township road commissioners.

The fact that a road is worked by township authorities, the same as other public roads, is a strong indication that it is a public highway. (*Verh* v. *Morris*, 410 Ill. 206; *Phillips* v. *Leininger*, 280 Ill. 132.) We think that by the manifest weight of the evidence a public road is shown to have been established by prescription.

We cannot accept the suggestion of defendants that *mandamus* will not lie. It is admitted in this case that sufficient money is on hand to enable the commissioner to repair and maintain the road; the evidence shows an entire neglect to work the road; and the petition does not seek to compel the commissioner to perform the work in a particular manner, involving an exercise of judgment and discretion on his part, but merely prays that he be compelled to perform his duty "to maintain and repair the aforesaid roadway." It is true, the remedy is not available where it does not appear that money is on hand which can be used for the purpose in question. (*People ex rel. Brokaw* v. *Commissioners of Highways*, 118 Ill. 239; *Commissioners of Highways of Bloomington Township* v. *People*, 19 Ill. App. 253.) Nor will relief be granted by *mandamus* to command that the repairs be made in a specific manner, since a court will not interfere to determine when or how the commissioners shall exercise the discretion left to them in discharging their duties. (*St. Clair County* v. *People ex rel. Keller*, 85 Ill. 396; *Klein* v. *People*, 31 Ill. App. 302.) Where there are sufficient funds which can be applied to the purpose, however, and there is an entire neglect to make repairs, they can be compelled to proceed to have repairs made in compliance with the general duty prescribed by law. (*People ex rel. Corey* v. *Commissioners of Highways*, 158 Ill. 197; *St. Clair County* v. *People ex rel. Keller*, 85 Ill. 396.) The rule has been stated that "Mandamus is a proper remedy to compel the commissioners of highways to do their duty where there has been an entire

neglect to work the roads, which are out of repair." 26 I.L.P. 88, *Mandamus*, sec. 92.

Presumably invoking the rule that a clear right to the relief must be shown before a writ of *mandamus* will be awarded, defendants contend the remedy does not lie where there is a dispute as to whether the road is a public one. There is no merit in the position. The rule in question refers not to the evidence in the case but to the facts as they are determined to exist on the evidence. If on the facts the plaintiff has a clear and unequivocal right to have the duty performed by defendant, the writ will issue regardless of a conflict in the testimony establishing such facts. 26 I.L.P. 164, *Mandamus*, sec. 164.

We have examined other assignments of error, but in view of our conclusion it is unnecessary to discuss them. The judgment is against the manifest weight of the evidence. It is therefore reversed, and the cause is remanded with directions to grant the prayer of the petition.

*Reversed and remanded, with directions.*