VIRGIN G. CLARK et al., Plaintiffs-Appellees, v. THE VILLAGE OF MILAN, Defendant-Appellant.

(No. 70-212; ■■■■■■■■■

Third District—January 18, 1972.

Robert E. Scott, of Rock Island, for appellant.

Adolph H. Kohlhammer, of Rock Island, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an action of Declaratory Judgment wherein the Plaintiffs ask the Court to declare that the Defendant Village has no interest in Plaintiff's lands and that the Plaintiffs have a right to fill a water course thereon known as Mill Creek. The Village contended it had a right to conduct clean-out operations in the channel, the right to the flow of water in the water course, the right to drain its lands therein and asked that Plaintiffs be restrained from interferring with the water course as it now exists. The Trial Court found for Plaintiffs and against Defendant in all respects.

Prior to the year 1892 Mill Creek flowed in a northerly direction along the East side of Defendant Village and emptied into the Rock

River which flowed in a westerly direction past the property now owned by the parties hereto and others. About that time, the United States of America built the Illinois and Mississippi Canal, commonly known as the Hennepin Canal, in the bed of the Rock River across the mouth of Mill Creek and westerly past the properties of the parties herein. The Canal was constructed by erecting two parallel embankments in the bed of the river. The mouth of Mill Creek as it entered the Rock River was blocked and the flow was diverted to run westerly parallel to the Canal for about a mile where it entered what appears to be a natural water course and continued westerly to the Mississippi River. The south bank of the Canal became the north bank of Mill Creek in this area. In order to control flooding, the federal government secured agreements with plaintiff's predecessors in title and others not parties hereto permitting the erection of a levee along their property. This levee was built about 1892 and became the south bank of Mill Creek. Mill Creek then continued to flow westerly in its new channel until 1964 when the Corps of Engineers diverted it back into the Rock River by cutting through the Canal and filling the westerly channel for some distance. At the same time they placed an 18 inch tube leading from the Canal to the bed of Mill Creek at a point immediately west of the new fill. This tube is now partially blocked but tests showed that it provides a flow of from 75 to 110 gallons per minute.

In 1950 Plaintiffs or their predecessors in title and others not parties hereto, granted, to the Village, easements to conduct clean-out operations in the area in question, most of which provided that in the event the channel was abandoned or diverted they were to be void.

The Defendant Village owns two lots in the immediate area in dispute on which a pumping station is located and also owns 7.41 acres about one-half mile downstream on which a sewage disposal plant was built in 1967. The new sewage disposal plant utilizes the flow as it now exists as did an older plant on the same site.

The case was remanded to Federal Court and transferred back by that Court after the United States Government filed an Answer claiming no interest in the plaintiffs lands, except authority, by virtue of its paramount navigation easement, over lands situated within the ordinary high water line of the Rock River as it existed prior to the construction of the Canal. The Answer also alleged that the Creek was diverted westerly into that portion of the Rock River lying between the south bank of the Rock River as it then existed, and the south embankment of the Canal.

Several persons owning property adjoining Mill Creek in the immediate area involved were not made parties hereto. The highway

authority was not made a party yet the record shows that Mill Creek acts as a drain way for a state highway crossing the creek in the area involved in this proceeding.

The first question presented for review is; Were all necessary parties joined?

■■ We think not. Under the Illinois Drainage Code, drains and levees deemed to be for the mutual benefit of the lands connected or protected constitute a perpetual easement on such lands and may not be filled, obstructed, breached, or impaired in any way without the consent of the *owners of all* such lands. 16 A I.L.P. Drainage Sec. 89.

Plaintiffs agree with the general rule as to the necessity of joining necessary parties but contend that this action can be maintained as a class or representative suit.

The record does not show that the interests of the absent parties are in all respects the same as the interests of the named Plaintiffs.

■■ The rule is well summarized in *Weberpals v. Jenny,* 300 Ill. 145: "Where it appears that a particular party, though not before the Court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held to be binding upon him. It must appear that he stands in the same situation as parties before the Court and that he has a common right or interest with them, the operation and protection of which will be for the common benefit of all and can not be to the injury of any."

■■ Basic notions of due process forbid the entry of a decree affecting the interest of a party not before the Court. It is from this notion of fairness that the doctrine of necessary parties arises. Illinois, like many states, uses the term "necessary" to define that group of parties regarded as indispensable and who must be joined. The omission of parties will not readily be permitted where no reason exists for not making them parties in their own proper person.

"Where a suit is brought by or against a few persons in a representative capacity, that fact must be alleged of record so as to present to the Court the question whether sufficient parties are before the Court properly to represent the rights of all; and in the absence of such an averment the rights of the other members of the class sought to be represented will not be affected by the proceedings. The bill must be so framed as to allow all the absent parties to come in under the decree and where it does not purport to be filed by plaintiff for himself and on behalf of all others having similar interests it will be defective for want of parties  *  *  *. The facts justifying the omission of parties who are *prima facie* necessary and the facts authorizing such omitted persons to

participate in the action must be alleged." 30A C.J.S. Equity, Sec. 145 (4).

The practice and procedure in class actions was very well summarized in 1954 Law Forum, on page 105, "The pleading filed by the representing party must affirmatively show facts warranting the right to maintain the class action and must also show that the named party files and maintains the action on behalf of all of the members of the class described in the pleading    *    *    *.

The pleading must set forth the facts indicating that the named party and the other members of the class have a common interest in the subject matter of the class have a common interest in the subject matter of the action as well as in the remedy, that the interests of the named party and the other members are not adverse, and that the named party is in a position adequately, efficiently, and properly to represent the other members of the class. These are the main requirements of the pleading.

After the cause is at issue and early in the proceedings before proof of the main issues, interlocutory hearings should be had to which evidence is adduced and interlocutory orders entered, establishing: (a) that the suit is a proper class proceeding; (b) that the persons representing all parties having an adversary interest in the cause of action or actions are before the court either by service of summons or by representation; and (c) that the parties of record have the proper qualifications to represent those whom they purport to represent. See Gordon, The Common Question Class Suit Under the Federal Rules and in Illinois, 42 Ill. L. Rev. 518 (1947). Proof should be adduced to the effect that the proceeding is brought by the plaintiff in good faith and that the suit is a proper and permissible class action and is not merely designated as such and that there are no adversary interests between the plaintiff and other members of the class."

No such proceedings were had in this matter.

■■ Because all necessary parties were not included, we express no opinion on the merits of the case.

The judgment is reversed and the cause is remanded to the Circuit Court of Rock Island County, with directions to permit the plaintiffs, if they so elect, to amend their complaint and to make additional parties, and for further proceedings not inconsistent with the view herein expressed.

Reversed and remanded, with directions.

ALLOY, P. J., and STOUDER, J. concur.