VINIS ZACNY, Plaintiff-Appellee, Cross-Appellant, *v.* MIKE SASYK *et al.,* Defendants-Appellants, Cross-Appellees.

(No. 73-287; )

Fifth District—July 10, 1975.

Callis & Filcoff, of Granite City, for appellants.

Dailey & Walker, of Granite City, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This appeal is from a decree and judgment of the Circuit Court of Madison County establishing a public roadway over and across a part

of a platted lot owned by defendants; plaintiff cross-appeals from the denial of damages and from the decree insofar as it failed to establish the entire length of a former roadway as a public highway and failed to require defendants to replace the same.

The litigation involves the destruction of a roadway, called by the parties the Dike Road, by the defendants in the course of the construction of a subdivision and golf course development. The evidence discloses that the roadway was in existence since at least 1911 and served primarily as a means of access to a 40-acre tract of land owned by plaintiff, who brought this action as trustee for herself and her brothers and sisters, all of whom acquired title through their deceased parents, the DePriests. It furnished access to her predecessors in title and to the farm and home of the Taylors, one of defendants' grantors. Defendants acquired 766 acres of land in 1959, but the record is silent as to the identity of defendants' grantor or grantors with the exception of the Taylors.

The former Dike Road began at a county road, crossed a dike separating two bodies of water, then divided, one spur going to the DePriest property, the other to the barn area of the Taylor farm. The spur to the DePriest property once served an additional home beyond, no longer in existence, then ended abruptly in a field in a wooded area. The other spur ended beyond the Taylor farm.

The evidence was not in substantial conflict. Appellee's parents, the DePriests, moved into a home on the 40-acre tract in 1937, as tenants, purchased the tract in 1952 on a contract for deed, and acquired fee simple title in 1964.

Plaintiff's witnesses testified that hunters and fishermen used the road with or without express permission, from whom is uncertain, as access to the lakes and wooded area beyond the DePriest property. Mrs. Taylor testified that the road was most heavily traveled during the prohibition era of the twenties when illegal stills were operated in the wooded area beyond the DePriest property by unknown, or at least unidentified, parties. The testimony was that it was wide enough for two cars to pass with difficulty.

It would appear that the roadway was freely used by the relatively few members of the public, other than plaintiff and her predecessors in interest and the Taylors, who desired to use it; however, since the road did not connect to any other public or private roads, it was not heavily traveled.

When the defendants began the development of the subdivision and golf course, the Dike Road and Dike were completely destroyed. Lots

were platted over the former roadway. In place of this road, composed principally of the sand present in this marshy area, the defendants constructed a concrete and asphalt series of improved roads leading into the residential subdivision development. There is no question that these roads are a great improvement over the old sand and cinder road; however, the problem arises in the destruction of that portion of the old roadway leading into plaintiff's tract and house. The only means of ingress would be from the southerly and easterly boundaries of plaintiff's land and defendants' subdivision; however, the defendants have platted residential lots on these boundaries with the result that plaintiff has no means of access from the new dedicated public road except through these lots. An exhibit in evidence depicts the Dike Road and the subdivision after the destruction of Dike Road. We reproduce it to assist in a better understanding of the facts of this case. *See p. 96.*

The trial court found this old roadway had been traveled by the public for more than 15 years and that the owners of the land adjoining it though not clearly identified, acquiesced in this use. The court further found it to be the only access to plaintiff's land.

The trial court found that the evidence established the existence of a public roadway by prescriptive right as provided in Section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1973, ch. 121, par. 2—202), which provides: "All roads in this state * * * which have been established by dedication or used by the public as highways for fifteen (15) years * * * are hereby declared to be public highways."

The difficulty arises from that part of the decree entered by the trial court granting to plaintiff "the use of a public roadway over and across the south sixteen (16) feet of lot 52 from their [*sic*] premises to the public street known as Shirlwin Drive." One of the difficulties is that a home, owned by persons not parties to this litigation, has been constructed on Lot 52. Lot 51, however, *is owned by defendants and we* understand that the parties now request this court to modify the decree or to order its modification so that the roadway be located on the northernmost 16 feet of Lot 51; this we can clearly do. (Ill. Rev. Stat. 1973, ch. 110A, par. 366.) This is the relief requested of this court by the appellants in their notice of appeal; while the notice of cross-appeal requests this court to require the restoration of the old Dike Road, including the former access into the Zacny property, this has not been pursued. We are puzzled by the request that we require the restoration of Dike Road. The new subdivision roads provide plaintiff with substantially improved access in the area of her property. A maxim "once a road always a road" has been cited to us as an established principle of

APPROXIMATE APPEARANCE FROM ABOUT 1911 TO DECEMBER 1964

APPROXIMATE APPEARANCE AFTER DECEMBER 1964

law; we consider it a meaningless aphorism, the application of which in the instant case would work mischief and hardship on the defendants whose efforts we perceive to have largely benefited the plaintiff and enhanced the value of her property. The parties have agreed that plaintiff is entitled to reasonable access into her property. To require the restoration of Dike Road would give nothing to plaintiff and deny substantial justice to the defendants.

The origin of Dike Road is not disclosed by the evidence. With the exception of the Taylors, there is no evidence in the record identifying defendants' predecessors in title; the Dike Road ran across land now owned by defendants to the boundary of plaintiff's property; then along a road on plaintiff's land, apparently now destroyed by plaintiff in farming her property, to a house. All that can be inferred is that defendants acquired their property from one or more prior owners on whose property the road or lane in question was located. There was also evidence that Dike Road was maintained in part by plaintiff's parents, the De-Priests, and the Taylors, the only persons to use the road on any regular basis.

We have difficulty sustaining the decree insofar as it finds this road a public highway as contemplated by section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1973, ch. 121, par. 2—202). The only reasonable conclusion to be drawn from the evidence, which as we have noted, is largely undisputed, is that the road was a private way maintained by the DePriests and Taylors for their personal use. The infrequent, casual use by the public, whether to hunt, fish or purchase liquor from illegal stills, would not convert it into a public highway. In this respect we find the instant case unlike *Stevenson v. Meyer,* 10 Ill.2d 335, 139 N.E.2d 740 (1957). Such use by the public could hardly be said to be hostile or under claim of right. The test for the establishment of a public highway by prescription is the same essentially as that used to establish title to land by adverse possession. *Falter v. Packard,* 219 Ill. 356, 76 N.E. 495 (1905).

■■ The law is settled that to establish a public highway by prescription, the evidence must establish a well-defined route of travel for a period of at least 15 years and that the use by the public must be adverse, under claim of right, continuous and uninterrupted, with the knowledge of the owner of the land but without his consent. *Swinford v. Roper,* 389 Ill. 340, 59 N.E.2d 863 (1945); *Koch v. Mraz,* 334 Ill. 67, 165 N.E. 343 (1929).

Here, there was no proof as to the identity of the record owner or owners of the land over which the road passed so there is a complete failure of proof as to the knowledge and consent of the record owner

or owners as to the use of the road. Additionally, as was observed in *Koch,* highways are generally used to travel from one locality to another; this road led nowhere.

■■ Furthermore, if this road were decreed to be a public highway under section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1973, ch. 121, par. 2—202), a duty would devolve upon the public authorities, in this instance the township highway commissioner, to maintain this road. (*Taylor v. Wentz,* 15 Ill.2d 83, 153 N.E.2d 812 (1958).) Maintenance of a road by public authorities is a strong indication that the road is a public highway. (*Verh v. Morris,* 410 Ill. 206, 101 N.E.2d 566 (1951); *Walden v. Bourn,* 10 Ill.App.3d 289, 296 N.E.2d 92 (1973).) The converse of this proposition is no less compelling. This road was never maintained by the township or county, and this is substantial proof that the owners of the land over which it passed considered it a private way and its use by strangers as permissive. In any event, it is clear that it was replaced by an improved road leading to the lots of appellant abutting plaintiff's property line.

There is no contention here that appellee is not entitled to access; therefore, the legal niceties of nomenclature are not important, with the reservation that we would hesitate to describe the access into appellee's land as a public highway since to do so would impose a duty on the township highway commission or other proper public authority to maintain what we consider to be a private way. There is no essential difference as far as we can determine in the elements of proof necessary to establish a public highway and private easement by prescription. (*Leesch v. Krause,* 393 Ill. 124, 65 N.E.2d 370 (1946); *Stevenson v. Meyer.*) We have examined a great number of reported cases and must conclude that whether a road is a public highway or a private easement is only important insofar as maintenance and use are concerned. If a public highway or road, then the public generally has a privilege of use and the public authorities have a duty of maintenance; if a private easement of way, then it must be maintained by the owner of the dominant estate and its use by the general public may be restricted by the owner of the dominant estate since its purpose is to afford access into private property. The easement may be used by both the owners of the dominant and servient estates. The use by the latter, however, may not interfere with the former's use of the easement for purposes of access. See *Keessen v. Zarattini,* 119 Ill.App.2d 284, 256 N.E.2d 377 (1970).

■■ We believe that a more accurate description of the estate created here is a right-of-way easement. We locate this easement over the northern 16 feet of lot 51 of the property of appellants, the servient estate, for the benefit of and appurtenant to the property of appellees,

the dominant estate. The easement shall commence at Shirlwin Drive and extend across the north 16 feet of lot 51 to the eastern boundary line of plaintiff's property. (See *Kurz v. Blume,* 407 Ill. 383, 95 N.E.2d 338 (1950).) We are mindful that there is a failure of proof as to the record title of both parties as to the existence of a common grantor, generally considered necessary to the establishment of an easement by implication. Under the facts here we do no violence to established principles to hold that appellee has established a prescriptive easement as the record supports a conclusion of open, hostile, adverse or continuous use by appellee and her predecessors in interest under claim of right for more than 20 years. "Where a right of way has been used openly, uninterruptedly, continuously and exclusively for more than a period of twenty years, the origin of the way not being shown, there is a presumption of a right or a grant from the long acquiescence of the owner." (*Mueller v. Keller,* 18 Ill.2d 334, 340, 164 N.E.2d 28, 32 (1960).) Unlike *Mueller,* in the instant case this presumption has not been rebutted by a showing of a parol agreement of license. (*Cf. Bontz v. Stear,* 285 Ill. 599, 121 N.E. 176 (1918), and *Monroe v. Shrake,* 376 Ill. 253, 33 N.E.2d 459 (1941).) Further, unlike *Mueller,* if we consider the entrance right-of-way merely a license, to allow its revocation would deprive plaintiff of any access to her property. (*Cf. Petersen v. Corrubia,* 21 Ill.2d 525, 173 N.E.2d 499 (1961).) Defendants concede that the imposition of an easement is necessary to the enjoyment of plaintiff's land.

However, the only relief asked in this court is to relocate a 16-foot easement from the southern 16 feet of lot 52 to the northernmost 16 feet of lot 51. In other words, defendants consent to the imposition of an easement appurtenant over the northernmost 16 feet of lot 51, Arlington Heights Subdivision.

Plaintiff-appellee also cross appeals from that part of the decree denying her prayer for actual and punitive damages alleged to have resulted from the wilful and malicious destruction of ingress to the house on her property. Plaintiff alleged that this caused substantial loss in rental income.

The evidence on this point was that the house had been vacant for a period of time, but as to laying the cause to the alleged destruction of access, the evidence was in dispute. Defendants denied that access to the property was obstructed. Plaintiff's evidence was in conflict as to the cause of the property being vacant. Her son occupied the house, paying rent part of the time. Plaintiff's sister lived there 1 or 2 years without paying rent. There was evidence that plaintiff had difficulty obtaining tenants because of the condition of the property and not because of lack of access. In any event the property was rented in 1970 and was

rented at the time of the instant appeal and was always farmed on a crop sharing basis.

We cannot say on the evidence before us that the trial court's decision in denying damages is against the manifest weight of the evidence.

The judgment of the Circuit Court of Madison County is affirmed insofar as it denies damages to plaintiff-appellee; the judgment establishing a public highway over a portion of defendants-appellants property is reversed and remanded with directions to enter judgment in accordance with the views expressed herein.

Affirmed in part; reversed in part.

EBERSPACHER and CARTER, JJ., concur.