THE PEOPLE *ex rel.* MIKE CARSON *et al.*, Plaintiffs-Appellees, *v.* ALFRED MATEYKA, Edwardsville Township Road Comm'r, Defendant-Appellant.

Fifth District No. 76-204

Opinion filed January 31, 1978.

992

Earl L. Vuagniaux, of Edwardsville (Dennis A. Brandt, of counsel), for appellant.

Gordon R. Broom, of Burroughs, Simpson, Wilson, Hepler and Broom, of Edwardsville, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Madison County declaring a certain roadway to be a public highway and ordering the defendant road commissioner to maintain the roadway. Three issues are raised on appeal. The appellant road commissioner of Edwardsville township contends the circuit court was without jurisdiction of the action because of the failure to join all necessary parties. In addition, the appellant maintains that mandamus is an inappropriate remedy and that the evidence is insufficient to establish a public roadway by prescription.

Plaintiffs Mike and Linda Carson initiated the action by filing a petition for mandamus requesting the court to declare a certain roadway to be a public highway and to order the defendant road commissioner to maintain the tract. The litigation involves a roadway lying entirely within

the Edwardsville Township. The factual issues for determination are essentially not in dispute.

The road extends in a north-south direction for approximately 2472 feet. The southern outlet of the road intersects with a public access road running parallel to Interstate Route 270 in an east-west direction. The road is not a through street as its northern boundary terminates at the residence of the plaintiffs. Four additional homes also adjoin the roadway. A business is located at the southern terminus of the road, and customers of the concern use a portion of the roadway to enter the premises.

The southern portion of the roadway follows the course of an easement for road purposes approximately 16 feet wide. The northern portion of the road follows the course of an easement for road purposes approximately 32 feet wide. The roadway is outside the boundaries of the easement by approximately seven feet in the southern portion and by 11 feet in the northern section. The width of the road varies from seven to 10 feet and at points is subject to simultaneous passage by two automobiles. A railroad right of way belonging to the Illinois Terminal Railroad Company intersects the southern section of the roadway. The trackage and signal wires had been removed from the intersection three to five years prior to the initiation of this action.

The fee owners of the road, except a portion 16 feet by 210 feet at the northern boundary, are Paul and Rose Newman. While the tract in question did appear on their yearly real estate tax bill, it was stipulated that no proof of actual payment of taxes on this parcel of land existed. The adjoining landowners hold easements over the roadway.

Testimony regarding the use of the road indicates that four classes of persons used the road: (1) adjoining landowners; (2) social invitees of the landowners; (3) business invitees of the landowners, including those who entered to provide necessary services; and (4) persons who entered the roadway by mistake.

The road in question had been maintained by the office of the road commissioner for at least 20 years, and testimony of some witnesses indicated public maintenance had continued for over 30 years. Alfred Mateyka, the defendant road commissioner, had maintained the road from the time of his accession to office in 1959. He testified that he followed the maintenance policy of his predecessors with regard to the road until 1969. At that time, he discovered the road was actually private and ceased public maintenance. Regular maintenance included grading, oiling, and the laying of rock chips as well as regular removal of weeds and snow. In addition, under road culverts were installed in order to facilitate drainage. All of the improvements were accomplished without charge to the fee owner or adjoining landowners. During the period of maintenance, the roadway was considered as a public road for the

purpose of determining the township share of motor vehicle fuel tax funds which were used for maintenance of township roads.

The appellant contends that certain necessary parties were not joined. According to the appellant, the Illinois Terminal Railroad owns a right of way across the roadway but was not notified of the suit in violation of section 6—323 of the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, par. 6—323). In addition, plaintiff alleges that George Heuer is the owner of certain property lying along the roadway with an easement over the road. The party residing on the property, Beluah Enyart, was notified of the litigation. She filed an answer denying all material allegations in the complaint, but did not appear in court.

■■ The plaintiff's reliance on section 6—323 is misplaced. The statute is concerned with the laying out of a new road which could affect the existing operations of the railroad. The roadway here is already in existence, and the claim is only that it has become public by prescription. Notice is not required by the statute.

■■ All persons who are legally or beneficially interested in the subject matter of a suit, and who will be affected by the decree fashioned by the trial court, must be joined in the litigation (*Oglesby v. Springfield Marine Bank*, 385 Ill. 414, 52 N.E.2d 1000). The joinder of necessary parties is jurisdictional, and the issue may be raised at the hearing, on appeal, or by the court on its own motion (*Hobbs v. Pinnell*, 17 Ill. 2d 535, 536, 162 N.E.2d 361). Requirements of joinder are determined by the pleadings and the evidence, and not by the final decision in the case. *Tri-Mor Bowl, Inc. v. Brunswick Corp.*, 51 Ill. App. 3d 743, 366 N.E.2d 941.

It appears clear that the interest of both Heuer and the Illinois Terminal Railroad in the continuation of their respective easements could be affected by the decree fashioned by the court. While this would appear to require their joinder as parties, an exception to the inclusion of necessary parties must be considered.

■■ The doctrine of representation applies when those before the court have the same interests as those who have not been made parties and are able to protect the interests of those absent. (*Moore v. McDaniel*, 48 Ill. App. 3d 152, 158, 362 N.E.2d 382, 388; *Clark v. Village of Milan*, 3 Ill. App. 3d 569, 572, 277 N.E.2d 895.) In this case, both the Schlueters and the Clintons held easements over the roadway. They were joined as defendants, appeared at trial, and were able to adequately protect the interests of Heuer and the Illinois Terminal Railroad. The fee owners of the roadway, the Newmans, held a superior interest and defended their rights, and consequently the rights of those claiming an easement interest, with vigor.

■■ In addition, an affidavit filed on appeal indicates that both Heuer and Enyart owned an interest in the land asserted to belong to Heuer

alone. Heuer was aware of the litigation and had given Beluah Enyart the authority to represent his interest. Mrs. Enyart answered the complaint but chose not to appear. Under these circumstances there is no difficulty in holding the interests of Heuer to be adequately represented.

■■ ■ An alternate ground exists for finding the Illinois Terminal Railroad not to be a necessary party. Both parties treat the interest of the railroad as a right of way. A right of way granted to a railroad creates an easement rather than a fee, and the easement terminates upon abandonment of its use. (*Branch v. Central Trust Co.*, 320 Ill. 432, 151 N.E. 284; *Abens v. Chicago, Burlington & Quincy R.R. Co.*, 388 Ill. 261, 269.) The removal of all the trackage and signal wire three to five years prior to the initiation of this suit is sufficient evidence to constitute abandonment and remove the necessity of joining the railroad in the suit.

Appellant next contends that a mandamus proceeding is improper under the circumstances of the case. The argument advanced is apparently twofold: (1) mandamus is an improper remedy where the duty of the officer sought to be coerced must first be established; and (2) mandamus is an improper remedy where the order requires an interference with the exercise of the officer's discretion in performing his legal duties. While both of these statements are correct as a matter of law (*People ex rel. Rude v. County of LaSalle*, 378 Ill. 578, 39 N.E.2d 25; *County of St. Clair v. People ex rel. Keller*, 85 Ill. 396), neither rule is violated under the facts of this case.

With regard to the first argument, the appellant maintains the right of the petitioner and the corresponding duty of the respondent must be established prior to the mandamus proceeding. Since the suit required an initial determination of the issue of public right to use the land, the appellant argues no clear right to mandamus is shown.

■■ While mandamus is an extraordinary remedy requiring proof of a clear right to the relief sought (*People ex rel. Koester v. Board of Review*, 351 Ill. 301, 314, 184 N.E. 325 (1933)), and mandamus is not proper where the duty of the officer must first be established (*Retail Liquor Dealers Protective Association v. Schreiber*, 382 Ill. 454, 460-461, 47 N.E.2d 462), the remedy is properly available here. The contention that mandamus is improper where the public nature of the roadway is in dispute was advanced in *Taylor v. Wentz*, 15 Ill. 2d 83, 153 N.E.2d 812. In rejecting the claim, the court noted:

> "There is no merit in the position. The rule in question refers not to the evidence in the case but to the facts as they are determined to exist on the evidence. If on the facts the plaintiff has a clear and unequivocal right to have the duty performed by defendant, the writ will issue regardless of a conflict in the testimony establishing such facts." *Taylor v. Wentz*, 15 Ill. 2d 83, 91.

■■ Thus if the facts clearly establish that the road has become a public highway by prescription, mandamus will lie to compel public maintenance.

Appellant's second objection to the issuance of a mandamus order is based upon the unlawful interference with the discretion of the officer in performing his legal duties. While an order to make repairs in a specific manner is an unlawful interference with the discretion of the commissioner that cannot be accomplished through a mandamus proceeding (*County of St. Clair v. People ex rel. Keller*, 85 Ill. 396; *Klein v. People*, 31 Ill. App. 302), a general order to undertake maintenance procedures is not an interference with the discretionary powers of the commissioner. This contention was also rejected in *Taylor v. Wentz*, 15 Ill. 2d 83, 90-91, 153 N.E.2d 812, when the court stated:

> "Where there are sufficient funds which can be applied to the purpose, however, and there is an entire neglect to make repairs, they can be compelled to proceed to have repairs made in compliance with the general duty prescribed by law. (*People ex rel. Corey v. Commissioners of Highways*, 158 Ill. 197; *St. Clair County v. People ex rel. Keller*, 85 Ill. 396). The rule has been stated that 'Mandamus is a proper remedy to compel the commissioners of highways to do their duty where there has been an entire neglect to work the roads, which are out of repair.' 26 I.L.P. 88, *Mandamus*, sec. 92."

■■ Here, maintenance of the road by the public ceased in 1969. The road is in a state of disrepair, and if the facts establish the road to be a public highway by prescription, the road commissioner is properly subject to a mandamus proceeding ordering general maintenance to be exercised according to the discretion of the officer.

■■ Appellant's final contention is that the evidence is insufficient to establish a public highway by prescription. A public highway can be established by any of three methods: by statute; by dedication; or by prescription. (*Koch v. Mraz*, 334 Ill. 67, 165 N.E. 343, 346.) In this case, it was not contended that the road was public by virtue of following the statutory formula. A claim of dedication was advanced below, but was rejected by the trial court. This portion of the decision was not appealed. If the road is to be found a public way, there must be proof of prescription.

Under section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, par. 2—202), a private road becomes a public highway if used by the public for the requisite 15-year period. The requirements necessary to establish a public highway by prescription under the statute are the same as those necessary to establish a private easement by prescription. (*Batchelder v. Gustafson*, 32 Ill. App. 3d 14, 17, 335 N.E.2d 565.) The

use by the public must be adverse, under a claim of right, continuous and uninterrupted, with the knowledge of the owner but without his consent. *Zacny v. Sasyk*, 30 Ill. App. 3d 93, 97, 332 N.E.2d 568; *City of Greenville v. File*, 130 Ill. App. 2d 878, 884-85, 265 N.E.2d 518.

A finding that a particular way is a public highway by prescription is a finding of fact that will not be reversed on appeal unless contrary to the manifest weight of the evidence. (*National Boulevard Bank v. Department of Transportation*, 42 Ill. App. 3d 820, 824, 356 N.E.2d 904; *People v. Geske*, 119 Ill. App. 2d 152, 255 N.E.2d 755.

The following language from *King v. Corsini*, 32 Ill. App. 3d 461, 465, 335 N.E.2d 561, quoting *Van Amburg v. Reynolds*, 372 Ill. 317, 322-23, 23 N.E.2d 694, is very significant:

> "The test in determining whether a road has become a highway by user is whether or not the public, generally, had the free and unrestricted right in common, to use the road. Where a road has been shown to have been openly and notoriously used as an open public highway in common by all the people for the statutory period, it will be considered a public highway. [Citations.] In determining whether a strip of ground has become a public highway * * * the test is not the number of persons actually using it, but the character of the use,—that is, whether or not the public, generally, had the free and unrestricted right to use the road. [Citation.] Where a roadway is shown to have been used and enjoyed by the public for the time required by statute, a presumption arises that such grant or use was prescriptive, and the burden is on one denying the existence of a public highway to show that the use was under some license or indulgence inconsistent with the claim of right by the public."

■■ The appellees seek to rely on the presumption of prescription arising from public use and public maintenance to uphold the finding of the trial court. Evidence of open, adverse, continuous and uninterrupted use by the public under a claim of right for the requisite 15-year period is necessary before the plaintiff may rely on the presumption. (*Foster v. Wills*, 13 Ill. App. 3d 127, 131, 299 N.E.2d 765; *Walden v. Bourn*, 10 Ill. App. 3d 289, 295, 296 N.E.2d 92.) In our view, the character of use shown is insufficient to raise the presumption.

■■ As noted earlier, the disputed roadway was shown to have been used by four classes of persons: (1) adjoining landowners; (2) social invitees of the adjoining landowners; (3) persons servicing the needs of the landowners; and (4) persons entering the roadway by mistake. The use of the road by the adjoining landowners was predicated upon the grant of an easement for road purposes in their respective deeds. They, and those who entered the roadway to reach their homes, used the way

with the permission of the fee owner. Where the use of a roadway is by permission, the right to use can never ripen into a prescriptive right. (*Monroe v. Shrake*, 376 Ill. 253, 256, 33 N.E.2d 459; *City of Chicago v. Borden*, 190 Ill. 430, 445, 60 N.E. 915.) Since the use was permissive, and not under a claim of right on behalf of the public, it cannot be relied upon to establish a public highway. (*People v. Waitkus*, 30 Ill. 2d 335, 338; *Koch v. Mraz*, 334 Ill. 67, 165 N.E. 343.) This reasoning also applies to the portion of land used as a roadway lying outside the easement grant. The land was used under the mistaken belief that it was part of the easement, and not under a claim of right in the public generally.

■■ The remaining use to be considered was by members of the general public who entered the roadway by mistake. Use by the public by mistake is not sufficiently adverse or under a claim of right to establish a public way by prescription.

In *Zacny v. Sasyk*, 30 Ill. App. 3d 93, 97, 332 N.E.2d 568, the casual, infrequent use of a roadway to reach hunting and fishing areas as well as illegal stills was found not to be sufficiently hostile or under a claim of right to convert the tract into a public roadway. (See also *Stengl v. Starr Brothers*, 370 Ill. 118, 18 N.E.2d 171 (1938); *Corbridge v. Auburn Street Hardware, Inc.*, 5 Ill. App. 3d 293, 282 N.E.2d 196.) Under these circumstances, the use by the public was too infrequent and casual to constitute use under a claim of right in the public generally. The character of the use is not sufficient to raise the presumption of prescription.

The appellee also relies on the showing of public maintenance to uphold the finding of public highway by prescription. It is true that such maintenance by the public is strong evidence that the roadway is in fact public. *Walden v. Bourn*, 10 Ill. App. 3d 289, 295, 296 N.E.2d 92; *Foster v. Wills*, 13 Ill. App. 3d 127, 131, 299 N.E.2d 756.

■■ Evidence in the record, however, indicates that the public maintenance was initiated as a political favor rather than as a claim of right on behalf of the public. The testimony by the defendant road commissioner established that the maintenance under his direction continued only because past commissioners had authorized the practice. When he became aware that the roadway was in fact privately owned, public maintenance ceased. In addition, the fact that the tract was included in the real estate tax bill sent to the fee owners, although it was stipulated that no proof of actual payment of taxes on the tract existed, militates against a finding of prescription. Evidence of payment of taxes on a roadway asserted to be public is inconsistent with a claim of right in the public. *People v. Waitkus*, 30 Ill. 2d 335, 339, 196 N.E.2d 668.

■ A finding that the road is a public highway would, of course, raise a duty to maintain the road at public expense. (*Zacny v. Sasyk; Taylor v. Wentz*, 15 Ill. 2d 83, 153 N.E.2d 812.) Where public

maintenance is adequately explained as a mistake, and where no public use under a claim of right is present, we should be wary in adding to the financial burden of the township since public benefit is marginal at best.

Accordingly, we find the evidence of public maintenance insufficient to raise the presumption of prescriptive use.

The evidence indicated that the road is a dead end driveway leading to the home of the plaintiffs, and closely grown with shrubs and trees. It is not possible to turn around on the roadway; one must turn on private property to return to its entrance. It is obvious that the whole point of this action was to perpetuate maintenance of this private driveway for the benefit of the plaintiffs at public expense.

■■ Without the benefit of the presumption of prescriptive use, the evidence is insufficient to satisfy the burden of proving the roadway to be public, and the finding of the trial court in this regard is against the manifest weight of the evidence. *Batchelder Co. v. Gustafson*, 32 Ill. App. 3d 14, 21, 335 N.E.2d 565.

Accordingly the order of the Circuit Court of Madison County is reversed.

Reversed.

EBERSPACHER, P. J., and KARNS, J., concur.