NORMAN TOWNSHIP, Plaintiff-Appellee, v. E T I EXPLOSIVES TECH-NOLOGIES INTERNATIONAL, INC., Defendant-Appellant.

Third District    No. 3—91—0214

Opinion filed February 4, 1992.—Rehearing denied March 10, 1992.

Myers, Daugherity, Berry & O'Conor, Ltd., of Streator (Stephen C. Myers, of counsel), for appellant.

Gomien, Root & Rigazio, of Morris (Paul E. Root, of counsel), for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

On May 12, 1987, plaintiff Norman Township filed a two-count suit in the circuit court of Grundy County for declaratory and injunctive relief. The township claimed public ownership, by the public's adverse use for more than 15 years, of a 1.8-mile segment of a two-lane, 10.4-mile roadway between State Routes 47 and 170 in Grundy County known as DuPont Road. Record title to the road segment is currently held by defendant E T I Explosives Technologies Int'l., Inc. (ETI). After trial, the court entered judgment for plaintiff on both counts. Defendant appeals. We reverse.

According to the record on appeal, plaintiff sold the road segment to defendant's predecessor in title, Grasselli Powder Company, in 1927 for $2,000. Township records establish that at a public meeting called by plaintiff's highway commissioner on January 24, 1927, the

township publicly vacated the road, declaring that it was "in a deplorable condition and is very expensive to maintain and that said Road is very little travelled." According to defense witnesses, Grasselli Powder sold the property to DuPont De Nemours Co. in 1928. Thereafter, from as early as 1929, the road was maintained privately by DuPont De Nemours & Co. from State Route 170, about a mile west of the western border of defendant's property, to Dunn Road, which runs along defendant's eastern boundary. At the western entrance to defendant's property are two concrete pillars on either side of the road, the one on the right containing an insert reading "Private Road," and the one on the left reading "DuPont." There were company signs posted at the eastern entrance at Dunn Road as well. In November 1986, DuPont employees barricaded the road at both borders to the property to prevent the public's use of it, giving rise to this lawsuit. Ultimately, in 1988, DuPont sold the property to ETI. ETI is a manufacturer of explosives, as was DuPont for some time prior to the transfer of the property to ETI. For purposes of this appeal, we will hereafter refer to ETI and its predecessors in title simply as "the Company."

At trial, defendant stipulated that the road had been used by the public despite the posted signs indicating private ownership for a period of at least 15 years since 1929. Defendant acknowledged that by its stipulation a presumption of prescriptive usage in favor of plaintiff arose, and that the burden thereby shifted to defendant to establish that the public's usage was by permission. Defendant established, *inter alia*, that extensive repairs, as well as maintenance and construction activities, had been performed exclusively by the Company since at least 1950. Moreover, the Company was aware of the public's usage of the road segment from 1927 until November 1986, and never took any action to obstruct such use except during periods of repair. Prior to 1986, permission to use the road was, in fact, granted on several occasions when such requests were made of the Company. In November and December 1986, the Company posted signs closing the road to the public during the deer hunting season.

According to ETI's plant manager, Jerry Baker, if the road segment in question were a public highway, Federal Bureau of Alcohol, Tobacco and Firearms regulations would require a reduction in the explosives manufacturing operation such that it would virtually require closing the plant. Baker explained that the hilly terrain of the only area available for expansion would make it economically impractical to comply with Federal regulations by moving the manufacturing operations farther from the road.

At the close of all evidence, the trial court noted that defendant's evidence of the Company's control over the road segment related almost exclusively to the period after 1944. The trial court also noted that the applicable statute (Ill. Rev. Stat. 1989, ch. 121, par. 2—202), which allows for public acquisition of roads by prescription, has remained essentially unchanged since 1913. That statute defines as a public highway any road that has been "used by the public as a highway for 15 years *** *and which has not been vacated in pursuance of law.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 121, par. 2—202.) The court ruled that since defendants had not presented evidence rebutting a presumption of public usage for a 15-year period from 1929 to 1944, the Company's road segment became a public highway in 1944. The court further ruled that the Township, as a sovereign, was not estopped from asserting its claim by its failure to act during the period between 1944 and 1987 when this suit was filed. In this appeal, ETI challenges the court's finding that the road is a public highway and further asserts that plaintiff's claim should have been barred by the doctrine of *laches.*

The requirements for establishing a public highway by prescription under section 2—202 of the Illinois Highway Code are the same as those necessary to establish a private easement by prescription, *i.e.*, use by the public must be adverse, under a claim of right, continuous and uninterrupted, with knowledge of the owner but without his consent. (*People ex rel. Carson v. Mateyka* (1978), 57 Ill. App. 3d 991, 997, 373 N.E.2d 471, 475-76.) On review of a trial court's judgment that a particular tract is a public highway by prescription, this court will not reverse unless such finding is contrary to the manifest weight of the evidence. (*National Boulevard Bank v. Department of Transportation* (1976), 42 Ill. App. 3d 820, 356 N.E.2d 904.) Defendant's stipulation as to public usage left the question of permissive use as the primary issue to be determined in this case.

In our opinion, the evidence and reasonable inferences from the evidence overwhelmingly proved that the public's use of the road segment has been permissive since 1927. Most significantly, the township now claiming adverse use is the same governmental body that publicly vacated the road segment for consideration within two years of the date the township now claims to have begun its prescriptive use. We find that this situation is adequately addressed by the statute, which excepts from the definition of public highways those roads "vacated in pursuance of law." Since, in fact, the township took positive action to vacate the 1.8-mile segment in 1927, it would be incongruous to find that the statutory prescriptive period could begin to run less than

two years after the vacation and sale. To hold otherwise would obviate the statutory exception.

Moreover, the segment connects on both east and west ends to public highways. The township argues that it would be inane to "construct" public highways "linked together" by a private road. This is true. However, the township's argument finds no basis in fact here. Obviously DuPont Road was originally "constructed" as an integrated public highway running from Route 47 to Route 170 and did not become "linked" by a private road until the 1927 vacation and sale of the segment here at issue. Moreover, for the Company to have obstructed the way for the sole purpose of preserving its title would have been no less inane. The case cannot be decided in a vacuum. Applying a little common sense to the facts of record, we find that by publicly vacating the badly dilapidated road segment and accepting the Company's $2,000 in consideration for making it a privately owned way, the township thereby implicitly acknowledged that any subsequent use of that segment by the public traveling along DuPont Road would be permissive and not under a claim of right unless or until the Company abandoned or otherwise disclaimed its interest in the property. It is apparent that, as a good neighbor in the community in which it was situated, the Company over the years liberally granted public passage upon its segment of DuPont Road for the benefit and convenience of all persons traveling through their property on DuPont Road.

Furthermore, the Company's action subsequent to its "purchase" of the road segment in 1927 is entirely consistent with its claim of private ownership and the public's permissive usage. The road segment was posted with signs at one or both entrances to the Company's property during the entire period since at least 1929, clearly giving notice that it was private. The road was upgraded, maintained, repaired, relocated and rebuilt over the years, all at the instance and the expense of the Company. On occasion, travelers asked for, and were given, permission from the Company to traverse the segment. As necessary, the road segment was closed for purposes consistent with the Company's claim of private ownership. The township points to the fact that certain maps in the public domain do not indicate that the 1.8-mile segment is under private ownership. In our opinion, this factor is more than offset by other evidence of record demonstrating that the township, through the years and without exception, excluded the segment in its periodic requests for State motor fuel tax funds. In sum, we find that the evidence of record evinces both the Company's intent to keep the road segment private and the public's acknowledge-

ment that passage, even though generously granted, was permissive, rather than by claim of right. We conclude that defendant's evidence of permissive use manifestly outweighed any evidence of adverse usage.

Our determination that the trial court erred in holding that the road segment became a public highway by prescription renders unnecessary any discussion of defendant's argument that the township's claim should have been barred by the doctrine of *laches*.

The judgment of the circuit court of Grundy County is reversed.

Reversed.

SLATER and HAASE, JJ., concur.