(No. 18382.—Decree affirmed.)
VALENTINE JOBST, JR., *et al.* Appellees, *vs.* FRED MAYER
*et al.* Appellants.

*Opinion filed October 22, 1927—Rehearing denied Dec. 9, 1927.*

1. INJUNCTIONS—*when equity may issue mandatory injunction against encroachment on land.* Where there are sufficient allegations and proof of possession by the complainant, a court of equity has jurisdiction to issue a mandatory injunction against maintenance by a land owner of an encroachment on the land of an adjoining owner and to compel removal of such encroachment.

2. SAME—*what is sufficient proof of title in a suit to compel removal of encroachment on land.* In a suit to compel removal of an encroachment on land by adjoining owners the complainants make sufficient proof of title where they have shown that they are in possession under deeds purporting to convey the fee, as in such case they are presumed to be the owners of the fee, the defendants having shown no better title in themselves.

3. HIGHWAYS—*what necessary to establish public way by prescription.* To establish a highway or a public way by prescription the use must necessarily be under a claim of right, adverse, open, notorious, exclusive, continuous and uninterrupted for the statutory period; and it is not sufficient to show mere travel by the public over the uninclosed property, as a permissive use never ripens into a prescriptive right.

4. MUNICIPAL CORPORATIONS—*what actions by city do not show claim of right to alley.* Where an alley is shown to have been a private alley when it was established, the facts that the city maintains a light in the alley, that its officers enforce traffic regulations therein, and that it has approved plans for a fire-escape which encroaches upon the alley, are not sufficient to show an adverse claim of right to the alley by the public.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH E. DAILEY, Judge, presiding.

RICHARD H. RADLEY, and W. H. MOORE, for appellants.

MILLER, ELLIOTT & WESTERVELT, CHESTER F. BARNETT, and HIRAM E. TODD, (EUGENE R. JOHNSON, of counsel,) for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a decree of the circuit court of Peoria county directing appellants, Fred Mayer and Henry B. Meek, to remove that portion of a fire-escape and an awning extending over and upon a private alley on a certain business lot owned by appellees.

The property involved is a portion of block 10 of the original town (now city) of Peoria, which is a parallelogram, bounded on the northeast by Main street, on the northwest by Jefferson street, on the southwest by Fulton street and on the southeast by Adams street. The block is divided into ten lots, each 72 feet wide and 171 feet deep, the lots numbered 1 to 5 fronting on Main street and those numbered 6 to 10 fronting on Fulton street. A public alley 18 feet in width, known as Niagara court, passes through the middle of the block from Adams street to Jefferson street at the rear of all the lots and parallel with and equidistant from Main street and Fulton street. Lot 6 lies along Adams street 171 feet. On its northwesterly side it is adjoined by lot 7, which is adjoined on its northwesterly side by lot 8. Lots 6 and 7 have been subdivided into four tracts facing Adams street, three of which are involved. Tract No. 1, which belongs to appellee the Dime Savings and Trust Company, lies along Fulton street 144 feet and is 52 feet wide. It is adjoined on its northeasterly side by tract No. 2, which is about 50 feet wide and belongs to appellee Anna R. Rehfuss. Tract No. 3 lies along the northwesterly side of tract No. 2 and is 24 feet wide. It belongs to appellee Valentine Jobst, Jr. Each of the deeds conveying tracts 1, 2 and 3 reserves "a right of way of the width of 10 feet across the rear of the premises hereby conveyed for an alley for the common use of said lots 6 and 7." Commercial buildings have been erected on the three tracts, which are occupied by tenants, who use

the private alley in connection with their business. Appellant Mayer owns a hotel building which occupies the front 110 feet of lot 8 and faces on Fulton street, and appellant Meek is the lessee of this building and operates therein a restaurant and hotel. Prior to 1912 this portion of lot 8 was occupied by a general repair shop owned by Kaleb Whitemore and his son. The wall of this building stood about two feet northwesterly from the dividing line between lots 7 and 8, and the alley extending from Fulton street to Niagara court was then about 12 feet wide. Doors and windows in the Whitemore building fronted on the alley, which was used by Whitemore, in common with the occupants of tracts 1, 2 and 3, in going to and from his property. In 1912 the three-story hotel building was erected, the southwesterly wall being built close to the line dividing lots 7 and 8, and in 1914 appellant Mayer attached to this wall a fire-escape at a height of about 12 feet above the roadway of the private alley and has since maintained said fire-escape projecting over the alley and over lot 7. There is also an awning on this side of the building, which, when open, extends a few inches over that portion of the alley at the rear of tract 1. Doors open from the hotel building into the alley and are used in bringing supplies into the hotel and in removing garbage and refuse therefrom. Shortly after the construction of the fire-escape appellee Rehfuss by her agent demanded that Mayer remove the same or pay rent. From time to time these demands were renewed, and finally in 1922 notice was served upon Mayer that he must make satisfactory arrangements for the use of the alley or she would compel removal of the fire-escape. Since the opening of the alley the public has, without hindrance and with the knowledge and consent of the owners and their tenants, continually used and traveled through the alley at will. About twenty years ago the city of Peoria installed and maintained at public expense an arc light in the alley, and city police officers have

applied some of the traffic regulations of the city to persons traveling through the alley. When Whitemore owned the tract now owned by Mayer he entered into a contract with the owners of tracts 1 and 2, whereby, in consideration of the use of the alley by him for a period of ten years, he agreed to pave it from Fulton street to Niagara court. In pursuance of said contract he paved the alley in 1904 to a width of 12 feet, two feet being on lot 8 and 10 feet on lot 7. That portion of tracts 1, 2 and 3 included in the alley has been assessed for special taxes and special assessments levied against other portions of said lots for local improvement made by the city of Peoria. Since 1895 a notice designating the alley as a private alley has been kept posted on the building abutting on Fulton street.

It is contended, first, that there is no allegation that appellees are in possession of the respective tracts of land claimed by them. This contention is without merit. The amended bill describes each tract separately and alleges the owner of each tract. It further alleges that each tract is improved, and "that the said parcel of the dimensions of 124 feet by 144 feet is in the possession of tenants under leases with your orators;" that said tenants are engaged in retail mercantile pursuits, and use the 10-foot private alley for the purpose of ingress and egress of delivery wagons of every kind and character to serve the needs of the various mercantile pursuits carried on by said tenants, and that the alley has been so used by your orators and their predecessors in title for more than fifty years. These are sufficient allegations of possession, and they are well supported by the proof. There being an allegation and proof of possession, a court of equity has jurisdiction to issue a mandatory injunction against maintenance by a land owner of an encroachment on the land of an adjoining owner and to compel removal of such encroachment. *Pradelt* v. *Lewis*, 297 Ill. 374; *Carpenter* v. *Capital Electric Co.* 178 id. 29.

In their bill of complaint appellees alleged that they were owners in fee of tracts 1, 2 and 3, which include the alley in question, and the answer of appellants denies this allegation. To prove ownership appellees showed a connected chain of title running back to 1867. Appellants contend that this is not sufficient proof of title. In this case appellants have shown no title at all, and so appellees, who have shown that they are in possession under deeds purporting to convey the fee, are presumed to be the owners of the fee. *Burns* v. *Curran,* 275 Ill. 448; *Keith* v. *Keith,* 104 id. 397; *Barger* v. *Hobbs,* 67 id. 592; *Herbert* v. *Herbert,* Breese, 354.

The principal contention of appellants is that the alley has become a public alley by prescription. To sustain this contention there must be proof of something more than mere travel by the public over the uninclosed lands. The user must be under a claim of right in the public and not by mere acquiescence on the part of the owner. A permissive use never ripens into a prescriptive right. To establish a highway or a public way by prescription the use must necessarily be under a claim of right, adverse, open, notorious, exclusive, continuous and uninterrupted for the statutory period. (*Gietl* v. *Smith,* 320 Ill. 467; *Doss* v. *Bunyan,* 262 id. 101; *Palmer* v. *City of Chicago,* 248 id. 201; *City of Princeton* v. *Gustavson,* 241 id. 566; *Chicago, Burlington and Quincy Railroad Co.* v. *Ives,* 202 id. 69.) There is no proof in this record that the user by the public has ever been adverse or under a claim of right. The fact that the plans for the fire-escape were approved by the commissioner of buildings of the city of Peoria, that the city maintained a light in the alley, and that its police enforced traffic regulations therein, did not alter or affect the legal character of the alley. It was a private alley when it was established, and nothing has occurred which deprives the owners of the fee or their right to control its use.

The decree of the circuit court is affirmed.

*Decree affirmed.*