THE BATCHELDER COMPANY, Plaintiff-Appellee, *v.* JAMES GUSTAFSON *et al.*, Defendants-Appellants.

(No. 73-397;

Second District (1st Division)—September 19, 1975.

*Rehearing denied October 24, 1975.*

James G. Madden, of Hunter, Madden, Plager & Hastings, of Freeport, for appellants.

Davis, Morgan & Witherell, of Peoria, and Eckert, Schmelzle & Eckert, of Freeport, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from an order declaring that certain property is a public way and enjoining defendant from interfering with the public's use thereof.

The property affected by the order of the trial court is a strip of land

20 feet in width and approximately 522 feet in length which runs from Cleveland Street on the north to Young's Lane on the south in the city of Freeport. The westerly 12 feet of the property in question is described in a plat of the area as a private alley. A 30-foot strip of land, also described in the plat as a private alley, runs in an easterly and westerly direction, beginning at the approximate midpoint of the length of the 12-foot private alley on the west and continues to a point on the east not disclosed in the record. The plaintiff owns a portion of the premises to the west of the private 12-foot alley. The defendant owns the property on the east side of the private 12-foot alley, with the exception of the 30-foot private alley described above. The present dispute concerns the use of the 12-foot private alley, the westerly 8 feet of defendant's property adjoining the 12-foot alley on both the north and south sides of the 30-foot private alley, and the westerly 8 feet of the 30-foot private alley.

On or about September 24, 1971, defendant erected a fence on the west line of his property, extending north and south from Cleveland Street to the southerly end of the 30-foot east-west alley. The five-count complaint herein was filed on February 4, 1972.

In his complaint, plaintiff alleged ownership of a portion of the property abutting the west side of the 12-foot alley which was improved by plaintiff as Sandy's of Freeport, Inc., a drive-in restaurant. Count I of the complaint alleged that for more than 20 years the plaintiff and its predecessors in title have had a right-of-way for the use of their employees, customers, suppliers and the public generally across a strip of land 15 feet in width, extending from Cleveland Street on the north to Young's Lane on the south. The westerly 5 feet of this 15-foot strip consisted of the private alley and the easterly 10 feet consisted of defendant's property. Plaintiff then prayed for an order declaring that the public has an easement and right-of-way over said strip, and an order enjoining defendant from interference therewith and damages. Count II of the complaint alleged and prayed for an order finding that the 15-foot strip of land had become a public highway in accordance with the provisions of section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1971, ch. 121, par. 2—202). Counts III, IV and V and the prayers for damages were dismissed by the trial court. Count V sought removal of the fence from the westerly entrance to the 30-foot private alley and damages.

The trial court ordered that the defendant is to be enjoined from interfering with the public alley and right-of-way for vehicular and pedestrian traffic over a 20-foot strip, including the 12-foot private alley, the westerly 8 feet of defendant's property, and the westerly 8 feet of the 30-foot private alley from Cleveland Street to Young's Lane, and found the 20-foot strip was a "public way." The trial court also directed

the issuance of a mandatory injunction for the removal of the fence. On September 20, 1973, the trial court stayed the injunction writ and the mandatory injunction pending this appeal.

It may be noted at this point that we are presented with a far from clear factual record in the present case. Merely by way of example, we note that the complaint prayed for an order with reference to a 15-foot strip of land, 10 feet of which consisted of the property of the defendant; plaintiff's counsel in his opening statement spoke of a 12-foot "used alley," the easterly 6 feet of which consisted of defendant's property; the memorandum opinion of the trial court posed the issue presented as whether or not the private alley had become a public way by prescriptive use; and the order of the trial court found that a 20-foot strip of land, 8 feet of which consisted of the property of the defendant, had become a public way. How the trial court determined that 8 feet, instead of 6 feet, 10 feet or some other number of feet of defendant's property became a public way is not disclosed by this record.

It appears that in 1964 some of the abutting property owners adjacent to the platted alley in question met with the mayor of Freeport and attempted to have the city blacktop the private alley. The city, it would appear, refused to do so but did, in fact, grade the same for the benefit of the owners who then had the platted alley blacktopped. The exact placement of the blacktop is not clear from this record. It may well be inferred from the instant record that the entire area between the buildings of the property owners abutting the alley was, in fact, blacktopped.

It is of interest to note that the testimony indicates that from about 1960 to 1969 a portion of the defendant's northern lot adjoining the 12-foot private alley (Lot 14) was leased for storage purposes. Kenneth Law, an owner of property on the west side of the 12-foot alley from 1954 to 1969, testified that he stored manhole covers on the property immediately east of the 12-foot alley. While Law testified that the manhole covers were not stored on the blacktop, the defendant testified that Law did store manhole covers on the blacktop and that Murphy and Gustafson's implement business, operating on Lot 14, also stored boxes on the blacktop.

The testimony as to the use of the alley was also conflicting. It would appear that there is a 24-foot space between the buildings of the defendant and the property of the owners to the west of the platted alley. It also appears that the fence in question was so situated as to bisect the used alley, which was approximately 12 feet in width. The defendant, James Gustafson, testified that there wasn't "much of any" travel from Cleveland Street to Young's Lane through the alley prior to the black-

topping; that thereafter, use of the alley increased, but the use was not of a significant amount. He further indicated that other than the trucks of various businesses adjoining the alley, there was little customer travel to the businesses. Robert Batchelder, an employee of the corporation which runs Sandy's Restaurant on the west side of the alley, testified that the drive-in was opened in 1969. He further indicated that the parking for the restaurant was specifically designed in relation to the alley and that the alley behind the restaurant was primarily used as an exit for customers and for use by delivery and disposal vehicles of the restaurant. He also indicated that the alley was used by customers and suppliers of the other businesses along the alley.

Other owners of property adjoining the alley, one of whom testified as to the use of the alley from 1936, testified that the alley was used by "everybody" to gain access to the various businesses adjoining the alley and to pass through from Cleveland Street to Young's Lane. One of these witnesses defined "everybody" as all the businesses that are along the alley. Another owner testified that a retail business was conducted from both the street and alley side of a building on the west side of the alley and that from about 1958 to 1968 from six to a couple dozen customers per day frequented the store, some of them using the alley. From 1950 to 1968 from seven to ten employees of this business used the alley to get to and from parking places behind the building.

■■ By its order, the trial court found that plaintiff had proved the existence of a public easement and a right-of-way for vehicular traffic over a 20-foot strip of property and/or a public highway in accordance with section 2—202 of the Illinois Highway Code. We are unclear as to the precise ruling of the trial court—that is, whether it found the existence of an easement by prescription and/or a public highway in accordance with the statute. While the trial court found that the plaintiff had proved Counts I and II of its complaint, it ordered that the 20-foot strip described above was a "public way." In any event, establishment of an easement for a right-of-way in the land of another requires proof of the existence of the same elements which are necessary to establish a public highway over private property by prescription. (*Stevenson v. Meyer* (1957), 10 Ill.2d 335, 139 N.E.2d 740.)

> "[T]o establish a way by prescription the use must be adverse, uninterrupted, exclusive, continuous and under a claim of right for a period of twenty years." (*Poulos v. F. H. Hill Co.* (1948), 401 Ill. 204, 214, 81 N.E.2d 854, 859.)

To constitute a road as a highway under section 2—202, there must be a use for a 15-year period, which is open, continuous and uninterrupted

and under a claim of right in the public. (*People v. Waitkus* (1964), 30 Ill.2d 335, 196 N.E.2d 668.) The question of the establishment of an easement by prescription is nearly always a question of fact. (*Petersen v. Corrubia* (1961), 21 Ill.2d 525, 173 N.E.2d 499.) The burden of proving the existence of the facts which must be proved to establish a prescriptive right rests upon the party pleading the prescription. (*Stengl v. Starr Brothers* (1938), 370 Ill. 118, 18 N.E.2d 179.) Thus, in considering whether the trial court erred in declaring the existence of an easement by prescription and/or a public highway under the statute, the question presented on this appeal is whether such finding is against the manifest weight of the evidence.

In *Corbridge v. Auburn Street Hardware, Inc.* (1972), 5 Ill.App.3d 293, 282 N.E.2d 196, this court reviewed and considered numerous cases pertaining to the essential elements in the creation of a public highway by prescription and reference is made to the cases cited therein.

The defendant contends that the principles determinative of this cause were stated by the supreme court in *Monroe v. Shrake* (1941), 376 Ill. 253, 256, 33 N.E.2d 459, 461, wherein the court stated:

"In order to establish a way by prescription, public or private, the use must be adverse, uninterrupted, exclusive, continuous and under a claim of right. [Citations.] From the record it appears the roadway first passed over the premises now owned by appellant when they were vacant, unoccupied and unenclosed. Use of vacant and unoccupied land is presumed to be permissive and not adverse. [Citations.] Therefore, the first use of the roadway is presumed to have been permissive only, and mere permissive use can never ripen into prescriptive right whatever length of time such permissive use is enjoyed. [Citations.]"

The plaintiff, on the other hand, cites the following language from *Verh v. Morris* (1951), 410 Ill. 206, 211, 101 N.E.2d 566, 569-70, as determinative of this cause:

"Where a roadway is shown to have been openly and notoriously used as an open public highway by the public for the statutory period of fifteen years, it will be considered a public highway. [Citations.] The test is not the number of persons actually using the road, but the character of the use, namely, whether or not the public, generally, have had the free and unrestricted right to use the road. [Citations.] The nature of the use of land by the public and the knowledge of the landowner of such use may be inferred from the manner, character and frequency of the exercise of the right and from the situation of the parties. [Citation.] A presumption arises that the use was prescriptive, and the burden rests

upon those who deny the existence of a public highway to show that the use was under some license or indulgence inconsistent with a claim of right by the public. [Citations.]"

■■ In our view, neither of these competing principles are fully applicable to the present factual situation. The rule that use of vacant and unoccupied land is presumed permissive is inapplicable as to that portion of the strip in question which is situated on defendant's lots because that property was not shown to have been vacant and unoccupied. (See *Poulos v. F. H. Hill Co.*) Rather, the defendant's property was shown to have been improved with a building, occupied by a business establishment and leased in part for the storage of goods. This rule, however, as will be developed below, is applicable to that portion of the 20-foot strip which was platted as a private alley.

■■ The rule stated by the plaintiff, that a presumption arises that the use was prescriptive where the public, generally, had the free and unrestricted right to use the road, is also inapplicable to the present case. This rule is inapplicable because, in our view, the proofs adduced at trial were not of sufficient strength or clarity to raise this presumption. Rather, a fair reading of the record presents substantial conflict as to the use of the 20-foot strip by the public generally. First, most of the testimony at trial dealt with the use of a so-called "used alley" being 12 feet in width, the easterly six feet of which being on defendant's property. Also, it appears that while there was some general public travel over this strip, the use of the strip was primarily limited to owners, employees, customers and persons serving the establishments along the roadway. Furthermore, the fact that the city of Freeport graded and reshaped the alley and laid down the gravel base for blacktopping does not aid the plaintiff in its attempt to establish the presumption of prescriptive use. As stated by the supreme court in *Verh v. Morris*:

"The fact that a road is worked by township authorities, *the same as other public roads*, is a strong indication that it is a public highway." (Emphasis added) (410 Ill. 206, 211-12, 101 N.E.2d 566, 570.)

In this case, the city refused to do the blacktopping itself as requested by the adjoining owners; the adjoining owners had the property surveyed prior to the blacktopping and wanted to place the blacktopping where the surveyed alley was shown on the plat; and there is no indication the city otherwise worked the property "as other public roads" or regarded the 20-foot strip in question as a public highway. (See *Phillips v. Leininger* (1917), 280 Ill. 132, 117 N.E. 497.) Therefore, the presumption that the use was prescriptive is inapplicable.

In *Swinford v. Roper* (1945), 389 Ill. 340, 344, 59 N.E.2d 863, 865, the supreme court stated:

"Where land is originally laid out and used as a private way for the use of adjoining landowners, its use by the public as well does not necessarily make it a public highway where the owner keeps it up and the public use is not clearly hostile or under a claim of right. To establish a prescriptive right in the public where it is claimed that such property constitutes a part of a public highway, it must be shown that a well-defined line of travel existed over the property for a period of fifteen years. The use must be adverse, under claim of right, continuous and uninterrupted, with the knowledge of and without the consent of the owner of the estate. Permissive use cannot ripen into a prescriptive right. *Koch v. Mraz*, 334 Ill. 67; *Bontz v. Stear*, 285 Ill. 599; *City of Chicago v. Galt*, 224 Ill. 421; *Falter v. Packard*, 219 Ill. 356; *City of Chicago v. Chicago, Rock Island and Pacific Railway Co.*, 152 Ill. 561."

In *Gietl v. Smith* (1926), 320 Ill. 467, 151 N.E. 253, certain property owners in the city of Springfield filed a complaint for injunction contending that Georgia Smith was obstructing a 16-foot alley extending east and west through block 17 of the old town plat of the city of Springfield. The cause was referred to a master in chancery who took proof and found that for more than 40 years prior to the action therein the greater portion of the strip of land or the alley had been used by the public as an alley. The trial court adopted the findings of the master and Smith appealed. In that case Smith was the owner of the fee as to the 16-foot alley. The supreme court, in reversing the trial court, stated:

"The use of vacant and unoccupied land by the public is presumed to be permissive and not adverse. To establish a highway or public way by prescription it is necessary that the use shall be under a claim of right, adverse, open, notorious, exclusive, continuous and uninterrupted for the statutory period. [Citations.] There must be something more than mere travel by the public over uninclosed lands to create a highway by prescription. Use by a few individuals, and not by the public generally, does not constitute such use by the public as creates title by prescription. The user must be under claim of right in the public and not by mere acquiescence on the part of the owner. Express notice of such claim is not necessary, but there must be such conduct on the part of the public authorities as to reasonably inform the owner that the highway is used under a claim of right. (*Town of Brushy Mound v. McClintock*, 150 Ill. 129.) The record contains no proof of any act on the part of the municipality or its officials in either

accepting, improving or maintaining the alley in question. It does show that when First street was paved the curb was built straight along that street and no provision was made to permit access to or from the alleged alley. *This act indicates the municipal authorities had no intention of assuming control of the strip and their belief that it was not an alley.* (*Palmer v. City of Chicago*, 248 Ill. 201.) The proof contained in the record is insufficient to establish a public alley by prescription." (320 Ill. 467, 479-80, 151 N.E. 253, 257.)

See also *Jobst v. Mayer* (1927), 327 Ill. 423, 158 N.E.2d 745.

● 6   In the absence of a presumption of prescriptive use, we find that plaintiff has failed to sustain its burden of proving that the strip in question was a public way or an easement by prescription. The finding of the trial court in this regard was, therefore, against the manifest weight of the evidence. In this regard we note the statement of the court in *Puszkiewicz v. Friedlander* (1973), 12 Ill.App 3d 1017, 1023, 299 N.E. 2d 400, 404, wherein the court, in quoting from *Miller Bros. Lumber Co. v. Mayfair Lumber Co.* (1972), 4 Ill.App.3d 616, 621, 279 N.E.2d 389, stated:

> "[I]t is unreasonable to urge that a highway by prescription has been created as to defendant's portion of the roadway, but apparently not as to that part owned by plaintiff[s]."

As to the use of the vacant, unoccupied and unfenced portion of the strip, plaintiff failed to rebut the presumption that the use was merely permissive. As to the occupied portion, plaintiff failed to establish that the use was adverse and under a claim of right.

For the foregoing reasons, the judgment of the trial court finding that a public way had been created over the 20-foot strip in question is reversed.

It appearing from the record, however, that defendant has blocked off the east-west 30-foot alley, the cause is therefore remanded in part and the trial court is directed to enter an order reinstating Count V of the complaint and that the trial court enter an order directing the defendant to remove that portion of his fence which blocks off the 30-foot east-west private alley.

Reversed in part and remanded in part.

SEIDENFELD, P. J., and HALLETT, J., concur.