JAMES W. ARMSTRONG, JR., Plaintiff-Appellee, *v.* JOHN OLSON *et al.*, Defendants-Appellants.

Third District   No. 77-263

Opinion filed February 14, 1978.

Dan A. Ribble, of Long, Schrager & Ribble Assoc., of East Moline, for appellants.

William H. Dailey, of Califf, Harper, Fox & Dailey, of Moline, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Rock Island County which found fee title to certain real estate vested in plaintiff Armstrong and, also, found that the property had not become a public highway by prescription. The trial court permanently enjoined defendants from interfering with plaintiff's use, occupancy and enjoyment of the property.

On appeal in this court, the appellants argue that (1) the trial court's finding that the roadway did not become a public highway by prescription is against the manifest weight of the evidence, (2) the trial

court improperly placed the burden of proving the existence of a public highway upon defendants, and (3) the trial court erred in requiring proof of actual knowledge by the owner of an adverse claim of right by the public to establish a public highway by prescription.

It is apparent from the record that within Buffalo Prairie Township, a dead-end roadway, approximately 32 feet wide and one-half mile long, extends north from Route 92 to plaintiff's farmhouse, and that 16½ feet of the width of the roadway is the subject of the instant action. The record shows that plaintiff has resided in the farmhouse since 1954, when he received a deed purporting to convey the farm and 16½ feet of the roadway in question to plaintiff. In 1969, defendants James E. Weir, Edna B. Weir, James O. Weir and Patricia A. Weir (hereinafter called "the subdividers") acquired title to 135 acres lying to the west of and adjacent to the roadway. Subsequently these defendants platted and subdivided the property purchased by them. In March of 1971, plaintiff placed a gate at the southern end of the portion of the roadway presumably conveyed to him. Its purpose was, apparently, to prevent public use of that portion of the road. The gate was removed by defendant James O. Weir with the concurrence of defendant Buffalo Prairie Township and John Olson, road commissioner of the township (neither the township nor Olson are parties as appellants in this court). Subsequently, plaintiff brought this action for an injunction prohibiting defendants from interfering with his property rights in the roadway, and defendants counterclaimed that the roadway had become a public highway by prescription.

At the trial, the testimony for plaintiff disclosed that plaintiff as a young man worked for a Mr. Welch, then the owner of what is now the property of plaintiff, and that Mr. Welch and his tenants then maintained the road. Plaintiff took title to the property in 1954, and now uses the road on a daily basis. Plaintiff testified that he currently maintains the road, including the filling of potholes and grading of the road with a grader which he bought for that purpose. Plaintiff also testified that the only outside maintenance of the road was that done by Mr. Eckhardt (township road commissioner from the time plaintiff acquired the property until 1961), which work was done for occasional pay by plaintiff. Also, some work was done by Mr. Goode (township commissioner from 1961 to 1971), which work, plaintiff assumed, was gratuitous since Goode had done a lot of work for plaintiff on plaintiff's farm. Plaintiff recognized that at the south end of the road there is an east gate and a west gate which are used by two neighboring farmers for access to their respective fields.

Testimony by the township road commissioners indicated that since 1961 the road commissioners had considered the roadway to be a public highway. They have done some maintenance on the roadway approximately two times a year. There was testimony that it was

customary for the road commissioner to plow and maintain private roads on occasion, and that since 1971, the road commissioner took better care of the roadway up to the west gate near the south end of the road than of the roadway on the north to plaintiff's farmhouse. Additional testimony indicated that a 1939 bond issue provided money for grading and graveling of certain township roads, and that river rock was spread on the roadway in that year.

The trial court, after hearing the evidence, rendered an opinion in favor of plaintiff and entered an order finding that plaintiff had fee title to the portion of the roadway in question, and that defendants had failed to show that the roadway had become a public highway by prescription. The trial court also entered a permanent injunction prohibiting defendants from interfering with plaintiff's use, occupancy and enjoyment of the property. The defendant-subdividers have appealed from the trial court's judgment.

■■ It is first contended by the subdividers that the trial court finding that the roadway had not become a public highway by prescription is against the manifest weight of the evidence. In *Swinford v. Roper* (1945), 389 Ill. 340, 343, 59 N.E.2d 863, the supreme court stated, with respect to a finding that a roadway had become a public highway by prescription:

> "This is a case where the chancellor heard and saw the witnesses. To justify a reversal of the decree, it is necessary that it appear that it is contrary to the manifest weight of the evidence."

We also note that under section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, par. 2—202) "highway" is defined as:

> "* * * any public way for vehicular traffic which has been * * * used by the public as a highway for 15 years * * *."

In considering the provision of the Illinois Highway Code, the Illinois Supreme Court in *Verh v. Morris* (1951), 410 Ill. 206, 211-12, 101 N.E.2d 566, stated:

> "Where a roadway is shown to have been openly and notoriously used as an open public highway by the public for the statutory period of fifteen years, it will be considered a public highway. [Citations.] The test is not the number of persons actually using the road, but the character of the use, namely, whether or not the public, generally, have had the free and unrestricted right to use the road. [Citations.] The nature of the use of land by the public and the knowledge of the landowner of such use may be inferred from the manner, character and frequency of the exercise of the right and from the situation of the parties. [Citation.] A presumption arises that the use was prescriptive, and the burden rests upon those who deny the existence of a public highway to show that the use was under some license or indulgence

inconsistent with a claim of right by the public. [Citations.] The mere fact that no objection was raised is insufficient to show a permissive use. [Citation.] Here, there was no attempt to show use by license, permission or indulgence. The fact that a road is worked by township authorities, the same as other public roads, is a strong indication that it is a public highway. [Citation.]"

In the instant case, the testimony, including that from one of the subdividers, showed that the road in question was used primarily by the persons residing at and working on plaintiff's farm. There was evidence that the neighboring farmers used portions of the roadway for access to their fields. Additional testimony indicated that the road was maintained at times by the township, but that the road was not maintained as frequently or extensively as other public roads. From our review of the record, we conclude that the trial court's determination that the roadway in question had not become a public highway by prescription is not contrary to the manifest weight of the evidence. The rule, as stated in *People v. Waitkus* (1964), 30 Ill. 2d 335, 338, 196 N.E.2d 668, is that:

"The use of the road here in question was almost entirely for the purpose of going to and from the * * * farm and it was not used under a claim of right by the public generally. Travel for such restricted and limited purpose does not constitute user under a claim of right in the public generally. We so held in *Koch v. Mraz*, 334 Ill. 67, where the road was used only as a means of access to a group of summer cottages and a hotel. To the same effect are *Swinford v. Roper*, 389 Ill. 340, and *Stengel v. Starr Bros.* 370 Ill. 118."

We believe that the precedent outlined in the *Waitkus* case clearly supports a conclusion that the finding of the trial court that the road did not become a public highway by prescription is not against the manifest weight of the evidence.

A second argument is made by appellants that the trial court improperly placed the burden of proving the existence of a public highway upon defendants. As stated in *Batchelder Co. v. Gustafson* (2d Dist. 1975), 32 Ill. App. 3d 14, 18, 335 N.E.2d 565:

"The burden of proving the existence of the facts which must be proved to establish a prescriptive right rests upon the party pleading the prescription. (*Stengl v. Starr Brothers* (1938), 370 Ill. 118, 18 N.E.2d 179.)"

It is, therefore, clear that the initial burden of proving the existence of facts which would establish a prescriptive right rests upon the party pleading the prescription. We are aware, as stated in *Van Amburg v. Reynolds* (1939), 372 Ill. 317, 322-23, 23 N.E.2d 694:

"Where a roadway is shown to have been used and enjoyed by the

public for the time required by statute, a presumption arises that such grant or use was prescriptive, and the burden is on one denying the existence of a public highway to show that the use was under some license or indulgence inconsistent with the claim of the right by the public."

■■■ It is apparent, therefore, that the presumption of prescriptive use arises only after the fact of user has been established, and the burden of establishing user rests initially with the party pleading the prescription. We conclude that the trial court properly placed the burden of establishing user by the public on defendants, and that since defendants did not establish such user, the presumption that the use was prescriptive did not arise.

A final argument is made by appellants that the trial court erred in requiring proof of actual knowledge by plaintiff of an adverse claim of right by the public to establish a public highway by prescription. The trial court stated in its opinion that "* * * any adverse use, to constitute prescription, must be with the knowledge of the owner, and no such knowledge was shown here."

It is clear that knowledge, whether actual or constructive, of the owner as to the public's adverse claim of right is relevant to the determination of the establishment of a public highway by prescription (*Verh v. Morris* (1951), 410 Ill. 206, 101 N.E.2d 566). We do not conclude that the trial court here required proof of actual knowledge by plaintiff, but rather that the trial court, in its opinion, referred to the full complement of plaintiff's knowledge, both actual and imputed. We find no reversible error in the procedures and the conclusion of the trial court.

For the reasons stated, therefore, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.