THE CITY OF MATTOON, Plaintiff and Counterdefendant-Appellee, v. PARADISE TOWNSHIP *et al.*, Defendants-Appellants (Stephen J. Uphoff, Paradise Township Road Commissioner, Counterplaintiff-Appellant).

Fourth District   No. 4—84—0467

Opinion filed March 4, 1985.

Robert E. Cummins, of Kidwell, Cummins & Bast, of Mattoon, for appellants.

James R. Covington III, of Glenn & Logue, of Mattoon, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

On August 22, 1983, the city of Mattoon (Mattoon) filed a declaratory judgment action in the circuit court of Coles County asking the court to determine whether it or Paradise Township (Paradise) was responsible for maintenance of Lake Paradise Road. On November 10, 1983, Paradise filed a counterclaim for declaratory judgment maintaining Lake Paradise Road was part of the Mattoon municipal street system and Mattoon's responsibility. The complaints spoke of the road as one unit. Lake Paradise Road encircles Lake Paradise, with principal segments or arms of the road along the east and west sides of that lake.

On December 1, 1983, the court granted partial summary judgment to Paradise. The court stated the only disputed area remaining was a determination of the primary use or purpose of Lake Paradise Road. A hearing was held on February 23, 1984. On May 31, 1984, the court filed an order finding the east and west segments of Lake Paradise Road are two distinct roads. The east segment is private and Mattoon's responsibility. The west segment is public and Paradise's responsibility. The court ordered Mattoon to repair the east arm and

Paradise to repair the west.

Paradise appeals. It argues the findings as to the west segment of the road are against the manifest weight of the evidence. We agree. Therefore, we reverse and remand to the trial court for entry of an order consistent with this opinion.

The court made the following findings in granting partial summary judgment to Paradise. In 1933, Mattoon acquired land outside its corporate limits, in Paradise Township, for the purpose of creating a system of water works and supply. It constructed Lake Paradise for this purpose. As Lake Paradise developed, Mattoon began leasing tracts of land on the marginal shoreline areas.

The road network was constructed primarily on Mattoon's property. No diagrams or plats of the network of roads adjacent to Lake Paradise have ever been filed with the Coles County recorder of deeds. Mattoon has never conveyed any part of Lake Paradise Road.

Mattoon has placed road signs on, plowed, cut weeds, policed, graded, oiled, applied rock, placed culverts under, and ditched along the edges of the "network of roads" around Lake Paradise, known as Lake Paradise Road. Mattoon used city employees and equipment for the work or hired contractors. The Paradise Township commissioner never included any part of Lake Paradise Road in the mileage used for computation of motor fuel tax. No Paradise Township commissioner ever maintained or repaired any part of Lake Paradise Road.

Lake Paradise Road has been open for common use and enjoyment since its construction. However, during the 1960's the commissioner of Mattoon's water department closed the road for 24 hours every five years to maintain it. The roads around Lake Paradise, known as Lake Paradise Road, are not a part of the State or county highway system.

Mattoon controls the Lake Paradise area as part of its system of water works and water supply. The Coles County sheriff patrols the area. Mattoon has jurisdiction over the road network pursuant to sections 11—125—2, 11—125—3, and "11—125—4" of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, pars. 11—125—2, 11—125—3, "11—125—4").

On February 3, 1983, a hearing was held to determine the primary use of Lake Paradise Road. Hubert Aleshire, a lifelong resident of Mattoon and former superintendent of the water department, testified that road construction was a joint effort between the Federal government and Mattoon. The work force consisted of men in government employment programs. However, Mattoon's water department supervised the work, which was completed according to its specifica-

tions. The workers built both arms of the road.

Michael Smyser, general manager of Mattoon's water department, testified about the road. He stated the water department employed an off-duty patrolman to maintain order. The patrolman regulates the use of the lake area from both sides of the lake using both portions of the road.

The east segment of the road provides access to 92 leased residential properties, a pump house, a playground, two pavilions and picnic areas. Most of the traffic control devices are on the developed, east side of the lake. Residents, Mattoon, visitors, the public and sportsmen use the road.

Bill Roberts, the lake superintendent, testified that he has worked on both arms of the road as a water department employee. Part of the east segment existed in the 1930's, when lake construction began. Ernest Fox, a retired water department employee, testified that a small part of the west arm of the road existed in the early 1930's.

The west segment of the road provides access to: One leased residential property; a city campground, now abandoned; a camping area leased to the Boy Scouts, unused since their cabin burned down; a camping area leased to the Girl Scouts; and numerous trails leading back to the lake. The trails are used principally by fishermen and campers. The west segment also provides access to nine private homes. Residents of the private and leased properties, visitors, sportsmen, Mattoon, and the public use the west road.

A small portion of the west arm is on privately owned property. In the past, both Mattoon and a private owner charged a toll for use of the road. Mattoon's toll money went to the water department. Mattoon's ordinances concerning the lake area contain no distinction between the different sides of the lake and the road.

On May 31, 1984, the trial court declared the east and west segments of Lake Paradise Road are two separate and distinct roads. The east arm is a private road. Therefore, Mattoon is responsible for its maintenance and repair. The west arm is a public road. Therefore, Paradise is responsible for its maintenance and repair. Paradise filed a timely notice of appeal.

Initially, we address the trial court's partial summary judgment order. The trial court found Mattoon had jurisdiction over the road network pursuant to sections 11—125—2, 11—125—3 and "11—125—4" of the Illinois Municipal Code. (Ill. Rev. Stat. 1981, ch. 24, pars. 11—125—2, 11—125—3, "11—125—4.") There is no section 11—125—4 of the Illinois Municipal Code. (Ill. Rev. Stat. 1981, ch. 24, par. 11—125—1 *et seq.*) However, we are confident that this is a clerical

error. Section 11—126—4 of the Illinois Municipal Code empowers municipalities to develop marginal areas around water supplies, leased property, and make all necessary rules and regulations to manage and maintain such areas. Mattoon, in its brief, notes the statutory problem, but does not argue its effect. The apparent clerical error has no effect on the decision of this court.

At the outset, Mattoon argues Paradise has waived its appeal by not presenting evidence about the use of "west Lake Paradise Road" at trial. The argument has little merit. No distinction was drawn between the east and west arms of the road prior to the trial court's May 31, 1983, order. During the hearing, both Mattoon and Paradise presented testimony about both segments of the road. The doctrine of waiver does not apply.

Defendant argues that, by statute, the west arm of Lake Paradise Road is part of Mattoon's municipal street system. Therefore, it cannot be part of Paradise Township's road system. Mattoon responds that the statutory language relied upon by Paradise is a catchall phrase of secondary importance to the definition of a rural road.

The following statutes are pertinent:

Section 2—205 of the Illinois Highway Code defines a township road as any highway that is part of the township or district road system (Ill. Rev. Stat. 1983, ch. 121, par. 2—205). Section 2—103 states:

> "The township and district road system includes all rural roads to which this Code applies under Section 1—103 and which are not a part of the State highway system, county highway system or municipal street system." (Ill. Rev. Stat. 1983, ch. 121, par. 2—103.)

Section 2—104 of the Illinois Highway Code states in part:

> "The municipal street system of the several municipalities includes existing streets *** together with *roads outside their corporate limits over which they have jurisdiction pursuant to this Code or any other statute.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 121, par. 2—104.)

Section 2—202 of the Illinois Highway Code defines a highway as:

> "[A]ny public way for vehicular travel which has been laid out in pursuance of any law of this State, *** which has been established by dedication, or used by the public as a highway for 15 years." Ill. Rev. Stat. 1983, ch. 121, par. 2—202.

A township or district road system includes all public ways for vehicular travel that are not part of State, county, or municipal systems. Therefore, the road must not be a part of any other system.

■ In its partial summary judgment order, the trial court found

that Mattoon had jurisdiction over all of Lake Paradise Road. (Ill. Rev. Stat. 1981, ch. 24, pars. 11–125–2, 11–125–3, 11–126–4.) Under section 2–104 of the Illinois Highway Code, Lake Paradise Road is a part of the municipal street system pursuant to the "any other statute" language. (Ill. Rev. Stat. 1983, ch. 121, par. 2–104.) Therefore it could not be part of the township or district road system. Ill. Rev. Stat. 1983, ch. 121, par. 2–103.

In *Andrews v. City of Springfield* (1965), 56 Ill. App. 2d 201, 211, 205 N.E.2d 798, 803, the court decided under almost identical factual circumstances that the roads surrounding Lake Springfield were not a part of township or district road systems. Therefore, they were not township roads, and the township had no duty to maintain them.

Springfield acquired jurisdiction over the Lake Springfield area in the 1930's pursuant to sections 11–126–1, 11–126–3, and 11–126–4 of the Illinois Municipal Code (Ill. Rev. Stat. 1961, ch. 24, pars. 11–126–1, 11–126–3, 11–126–4). Springfield constructed the lake and the roads around the lake. It developed marginal shoreline areas, leasing portions of the areas for homes.

Springfield maintained the roads until 1961. None of the townships ever maintained or claimed the roads, which were used by the lessees and the general public. After Springfield stopped maintaining the roads, its lessees brought a declaratory judgment action asking the court to order the city to maintain the roads. Springfield counterclaimed against the townships in which the roads were situated. The trial court found against the city. It appealed, arguing the roads were township roads.

The court stated:

"We conclude that the roads, over which the City maintained sole jurisdiction since their construction to February 1961, are not part of the Township and Road District System under section 2–103 of the Illinois Highway Code. Since they are not part of that system, they do not meet the requirements of a township road as defined in section 2–205 of that Code. It necessarily follows that there is no duty on the defendant Townships and their respective Highway Commissioners, who have never asserted, claimed or exercised any jurisdiction over these roads, to maintain or repair them." *Andrews v. City of Springfield* (1965), 56 Ill. App. 2d 201, 211, 205 N.E.2d 798, 803.

■ Similarly, since Lake Paradise Road is within Mattoon's jurisdiction, it is part of its municipal street system pursuant to the "any other statute" language. (Ill. Rev. Stat. 1983, ch. 121, par. 2–104.) Therefore, Lake Paradise Road could not be a part of the township or

district road systems under section 2—103 of the Illinois Highway Code. Ill. Rev. Stat. 1983, ch. 121, par. 2—103.

▌Mattoon argues that the "any other statute" language in section 2—104 of the Illinois Highway Code is a "catchall" clause which is secondary in importance to the definition of a rural road in section 2—202 of the Illinois Highway Code. (Ill. Rev. Stat. 1983, ch. 121, pars. 2—104, 2—202.) In *Andrews* the court stated that the enactment of the Illinois Highway Code did not destroy or lessen the authority of a municipality to acquire property and build and maintain roads for water systems. The "any other statute" language is not meaningless. *Andrews v. City of Springfield* (1965), 56 Ill. App. 2d 201, 210, 205 N.E.2d 798, 803.

Mattoon also argues that the west arm of Lake Paradise Road became a public road because of the public use of it for 15 years. (Ill. Rev. Stat. 1983, ch. 121, par. 2—202.) It does not argue that the east arm of Lake Paradise Road became a public road because of the public's use of it for the statutory period. We note that this argument was raised in *Andrews*. There the court found that public use of the roads "was incidental to their main purpose, which was and is to provide means of access to the leaseholders." *Andrews v. City of Springfield* (1965), 56 Ill. App. 2d 201, 211, 205 N.E.2d 798, 803-04.

In the instant case, a similar situation exists. However, most of the residential leaseholds are situated on the east side of Lake Paradise. The pumping station is on the east side. Many of the recreational facilities are on the east side of the lake. Only one leased residential property is accessed from the west segment of the road. Three campgrounds are or were leased by Mattoon on the west side of Lake Paradise. Nine privately owned homes use the west segment of Lake Paradise Road.

▌Mattoon's development of the Lake Paradise area determined the extent and nature of the use of the road. Mattoon maintained the more developed east arm of the road with more regularity than the less developed west arm. However, the use of the road was incidental to its main purpose of providing access to the leaseholders and the recreational facilities of the lake. (*Andrews v. City of Springfield* (1965), 56 Ill. App. 2d 201, 205 N.E.2d 798.) The entire road was constructed as part of the organization and development of a water and recreational system.

▌Finally, we note that the public use of Lake Paradise Road was permissive. In order to establish a public road by prescription, it must be established that the public use was adverse, under claim of right, continuous, and uninterrupted, with the knowledge of the

334

owner but without his consent for the statutory period. (*Zacny v. Sasyk* (1975), 30 Ill. App. 3d 93, 332 N.E.2d 568; *Batchelder Co. v. Gustafson* (1975), 32 Ill. App. 3d 14, 335 N.E.2d 565.) In the instant case, Mattoon made no showing that public use of the road was without its consent. Therefore, the west segment of Lake Paradise Road did not become a public way by prescription. *Batchelder Co. v. Gustafson* (1975), 32 Ill. App. 3d 14, 335 N.E.2d 565.

For the above reasons, we find the trial court's determination that the west segment of Lake Paradise Road is public and Paradise's responsibility is against the manifest weight of the evidence. Therefore, we reverse that portion of the court's decision, affirm its findings as to the east portion of Lake Paradise Road, and remand for proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

GREEN, P.J., and MILLS, J., concur.